EDNA JACOBSON, Appellant, *v.* ELLIS JACOBSON, Respondent.

Second Department, December 7, 1923.

**Husband and wife — annulment of marriage on ground of fraudulent statements made by husband prior to marriage as to freedom from disease — defendant was bound to disclose diseased condition prior to marriage if known to him — concealment of disease was fraud — verdict cannot be directed on theory of fraudulent concealment, since action is based on express warranties which are not proven — complaint should not have been dismissed on merits — annulment will not make child of parties illegitimate.**

In an action to annul a marriage on the ground of express warranties or fraudulent statements made by the husband, prior to marriage, that he was free from disease, the complaint should not be dismissed on the merits where it appears that, though the plaintiff has failed to show that the defendant made the statements alleged, it is shown that at the time of the marriage and prior thereto the defendant had a disease detrimental to marital relations, and that the plaintiff, after discovering the fact, refused longer to cohabit with defendant.

The failure of the defendant to disclose his diseased condition to the plaintiff, if known to him before he married her, constituted a fraudulent concealment which, if proven, would be sufficient to warrant a court in annulling the marriage relation, and, therefore, since the evidence tends to show that the defendant had knowledge of his condition at the time of the marriage, the complaint should have been dismissed without prejudice so that the plaintiff might begin a new action for annulment if so advised.

*It seems,* that the annulment of the marriage will not make the child of the parties illegitimate, unless the court by the judgment decides otherwise.

APPEAL by the plaintiff, Edna Jacobson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 18th day of April, 1923, upon the decision of the court, rendered after a trial at the Kings Special Term, dismissing the complaint " on the merits " in an action to annul a marriage.

*Milton Hertz,* for the appellant.

*Jacob Zelenko* [*David D. Glanz* with him on the brief], for the respondent.

KELLY, P. J.:

At the close of the trial the learned trial justice stated orally that he had no doubt the defendant was in a diseased condition at the date of the marriage, and he also stated that defendant's knowledge of his condition was established by the evidence. But he was of opinion that defendant was under no legal duty to disclose his condition and said that under the circumstances fraud could only be found upon evidence of a deliberate misstatement of the facts. He decided that there was no representation by defendant that he was free from disease, that there was no actual fraud shown, and he, therefore, dismissed the complaint upon the merits. When the learned judge subsequently passed upon the findings of fact and conclusions of law he found that defendant was suffering with the disease at the date of the marriage but that plaintiff did not discover the fact for several years thereafter — that she had not cohabited with defendant after her discovery of the facts, and he also found that she would not have married defendant had she known of his condition. But in making his formal findings of fact he refused to find that defendant knew of the existence of the disease at the date of the marriage, although he apparently had no doubt about this fact at the close of the trial. He says in a memorandum handed down with the findings: " No proof to sustain such a finding can be found in the record. An inference might be drawn that he knew of the malady because of the fact that he went to a doctor soon after the marriage, but inferences are not sufficient always to establish facts."

The provision of the Civil Practice Act (§ 1139) is that a marriage shall not be annulled on the ground of fraud if it appears that at any time before the commencement of the action the parties voluntarily cohabited as husband and wife with full knowledge of the facts constituting the fraud. The findings of fact take plaintiff out of the prohibition in the statute and there is no other statutory limitation as to the time of commencing an action to annul a marriage for fraud. An action to annul a marriage for " physical incapacity " must be commenced before five years have expired since the marriage (Civ. Prac. Act, § 1141), but " physical incapacity " is not the cause of action pleaded.

I dissent from the conclusion of the learned trial justice that there was no obligation upon the defendant to disclose his diseased condition to plaintiff if known to him before he married her and

that he was under no legal duty to speak concerning his condition. I think the Court of Appeals has decided to the contrary in *Svenson* v. *Svenson* (178 N. Y. 54), where Judge MARTIN says of the defendant in that case: " When he concealed that condition from her and still induced her to marry him in ignorance thereof, he was guilty of a base and unmitigated fraud as to a matter essential to the relation into which they contracted to enter. * * * The suppression of the presence of a disease including such dire and disastrous possibilities, directly affecting the marital relation, constitutes a fraud which clearly entitles the innocent party to a decree annulling the marriage contract, particularly when it has not been consummated." Of course in the case at bar the marriage had been consummated — more than that, the marriage took place on December 25, 1913, and there is a child of the marriage seven years of age at the date of the commencement of the action, which was not until June 12, 1922. But the basis of the judgment in favor of defendant was not *laches* in bringing the action, it was based solely upon the ground that there was no fraud in defendant's concealment of the fact that he was suffering from the disease even though this was known to him. From that I dissent. There does not appear to be any dispute about the defendant's unfortunate condition at the date of the trial, and the trial judge finds that plaintiff did not discover the facts until 1920, since which time she has not cohabited with him. She could, therefore, maintain an action to annul the marriage upon the ground of fraudulent concealment of his condition known to him at the time. But this is not such an action. We cannot direct judgment for the plaintiff, because the cause of action pleaded in the complaint is not based upon defendant's fraudulent concealment of the disease. The action is founded upon express warranties or statements alleged to have been made by defendant to plaintiff and to her mother prior to the marriage; the trial justice found that such statements were not made and we see no reason to interfere with his findings in that respect. The defendant contends that an annulment of the marriage would make the child of the parties illegitimate, citing what I think is a misleading headnote in *Matter of Moncrief* (235 N. Y. 390). I do not think the Court of Appeals has decided that children of such an annulled marriage are " illegitimate by statute " in all cases. It is provided in the Civil Practice Act (§ 1135, subd. 4): " If a marriage be annulled on the ground of force, duress or fraud, a child of the marriage is deemed the legitimate child of both parents unless the court by the judgment decides otherwise as to either or both parents." In the *Moncrief Case* (*supra,* at p. 396) Judge ANDREWS cited *Price*

*v. Price* (124 N. Y. 589) and said: " We said that at common law where a marriage was annulled the parties were in the same position as though a marriage had never been entered into and the children born of it were all illegitimate *unless legitimated by statute.* [Italics mine.] This rule remains unimpaired." I think the child in the case at bar is legitimated by statute unless the trial court in the judgment decides otherwise, and of course on the evidence there is no ground for any other decision. I think, therefore, that the proper disposition of the appeal is to strike out the provision in the judgment dismissing the complaint upon the merits, leaving the plaintiff to begin a new action for annulment if so advised. Whatever our own views may be, because of the finding of the learned trial justice, we think we should leave the issue as to defendant's knowledge of his condition at the date of the marriage for determination in such new action.

The judgment should be modified by striking therefrom the words " on the merits " and substituting therefor the words " without prejudice," and as so modified the judgment should be affirmed, without costs. This court amends the fourth finding of fact as made by the trial justice by striking therefrom the words " of any character " and inserting before the word " representations " the word " actual." Also by inserting the word " actual " before the word " representation " in the fifth finding of fact.

Present — KELLY, P. J., RICH, MANNING, KELBY and KAPPER, JJ.

Judgment modified in accordance with opinion, and as so modified unanimously affirmed, without costs. Settle order on notice.