George Tilzer, J.
Defendant moves for judgment on the pleadings dismissing the complaint. In a prior action in which the complaint contained two causes of action, the complaint was dismissed for legal insufficiency, the court stating:It is alleged in the first cause of action that the defendant gave testimony in a judicial proceeding involving the right of custody of plaintiff’s children. * * * The first cause appears to be one in libel, and it is defective * * * by reason of the fact that it appears upon the face of the complaint that defendant enjoys absolute privilege. Plaintiff disavows the purpose to plead in libel and urges that he has been damaged by false and incorrect diagnosis of his mental condition. There is no allegation of patient-physician relationship.” The second cause of action based upon claimed invasion of right of privacy was also dismissed.
The first cause of action in the present complaint is based, as plaintiff asserts, on claimed malpractice. It is alleged that the defendant testified in the course of a custody proceeding that he had seen the plaintiff herein for the purpose of treating him and despite plaintiff’s objection raised pursuant to section 352 of the Civil Practice Act, defendant did make disclosure of statements made by the plaintiff in the doctor-patient relationship, and the defendant further disclosed and made conclusions upon alleged medical and psychological information concerning the plaintiff, which defendant alleged he had obtained from other doctors and psychologists. The defendant thereby violated his legal and professional obligation to refrain from making such disclosure without plaintiff’s express or implied consent. There is no explicit statement by the plaintiff in the first cause of action, by which he takes the affirmative position that the relationship of physician and patient existed. Plaintiff further relies *484 on section 30 of article II of the Regulations of the Commissioner of Education promulgated pursuant to the New York Education Law (8 NYCRR, § 60.1, subd. [d], par. [3]). Unprofessional conduct does not constitute malpractice, nor the claimed disregard of the rule of evidence embraced in section 352 of the Civil Practice Act. The first cause of action is insufficient.
The second cause of action is also rested, as plaintiff asserts, in malpractice. It is therein alleged that the defendant did see the plaintiff on several occasions when plaintiff’s wife was usually present, that plaintiff’s wife was “ the basic patient ”, that upon that basis defendant willfully and negligently diagnosed plaintiff’s condition as “ schizophrenia, paranoid in type ”, that such diagnosis, as defendant well knew, required skill and detailed careful inquiry to make, which careful inquiry the defendant had failed to make, that with gross negligence and contrary to the standards of care and practice obtaining in the area and upon inadequate, improper and insufficient examination, defendant negligently and unskillfully evaluated the data, upon which he claimed to have based his opinion and diagnosis. The sole objection with respect to the second cause of action is that plaintiff has failed to allege that the defendant was his physician. The court reaches the conclusion that such an explicit statement is lacking in the second cause of action as well. It is insufficient.
Plaintiff asserts the third cause of action is in prima facie tort. Apart from the fact that the claimed damage set forth is general in nature, the law of torts, as developed under the doctrine of prima facie tort, has not been extended beyond the field of commercial transactions; certainly not to a situation such as this one. The third cause of action is insufficient.
The motion is granted with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.