KATHRYN M. CURRY, Plaintiff, *v.* LESTER R. CORN et al., Defendants.

Supreme Court, Special Term, Nassau County, June 8, 1966.

*Martin, Clearwater & Bell* for Lester Corn, defendant. *Herbert Greene* for James M. Curry, defendant. *Beldock Levine & Hoffman* for plaintiff.

PAUL J. WIDLITZ, J.   Motion by the defendant, Lester R. Corn, M. D., to dismiss the complaint as insufficient pursuant to CPLR 3211 (subd. [a], par. 7) is granted.

The complaint contains two causes of action.   On this motion we are only concerned with the "First".   In that action, it is pleaded that the plaintiff was injured in mind and body after her physician, the movant, revealed to her husband information obtained by the movant in the course of treating the plaintiff. It is further pleaded: That to reveal this information to her husband violated "the doctor-patient privilege as set forth in C.P.L.R. Sec. 4504 (a)" and "Article II, Sec. 30 of the Regulations of the Commissioner of Education promulgated pursuant to the New York Education Law (8 N. Y. C. R. R., Sec. 60.1, subd. (d), par. (3)"; that the information was revealed "with the intent and expectation" that the plaintiff's husband would use it in an affidavit in a pending matrimonial action.

Two authorities in New York discussing the subject have been cited.   In neither *Clark* v. *Geraci* (29 Misc 2d 791) nor *Hammer* v. *Polsky* (36 Misc 2d 482) was there a recovery for the breach of the confidential relationship — in *Clark,* the revelation was excused on the ground that the plaintiff had waived the privilege; in *Hammer,* the cause of action was dismissed because the plaintiff had failed to plead the existence of the physician-patient relationship.   However, on whether or not a cause of action would exist for a breach of the relationship, those authorities differed.   In *Clark,* after stating that no common-law principle was violated, the court concluded that on the basis of the definition of unprofessional conduct contained in the regulations of the Commissioner of Education (Art. II, § 30, subd. [4], par. [c]) and the provision (§ 352) of the Civil Practice Act forbidding the reception in evidence of information acquired by a physician in treating his patient without the consent of the patient, a cause of action should be recognized in this State.   On the other hand, in *Hammer,* it was stated (p. 484): "Unprofessional conduct does not constitute malpractice, nor the claimed disregard of

the rule of evidence embraced in section 352 of the Civil Practice Act. ''

Reference is made in *Clark* (*supra*) to out-of-State authorities — *Berry* v. *Moench* (8 Utah 2d 191); *Simonsen* v. *Swenson* (104 Neb. 224); *Smith* v. *Driscoll* (94 Wash. 441). Each of those authorities, while recognizing that the patient may have a cause of action under some circumstances, holds that a physician who reveals such information in situations where his communication is privileged may not be charged with liability.

Although this court is inclined to the view that the Legislature in enacting section 352 of the Civil Practice Act [now CPLR 4504, subd. [a]] did not intend to create a cause of action against the physician who may disclose information without consent of the patient but intended merely to govern the reception of evidence (*Matter of New York City Council* v. *Goldwater*, 284 N. Y. 296, 300–302), I do not believe it necessary to the decision of this motion to take a position on that question. Here, the disclosure was made to the patient's husband. As a prospective husband or wife is entitled to know before marriage whether his or her future spouse is suffering from a diseased condition (*Jacobson* v. *Jacobson*, 207 App. Div. 238), it would appear to follow that during marriage each has the right to know the existence of any disease which may have bearing on the marital relation. A similar view was expressed in *Pennison* v. *Provident Life & Acc. Ins. Co.* (154 So. 2d 617, 618) wherein the Fourth Circuit Court of Appeals of Louisiana wrote: '' Regarding the out-of-court disclosure, the husband, during the marriage, has a right to a full report from his wife's doctor. He is head and master of the community and responsible for its debts. '' At any rate, a physician who reveals the nature of the condition of the patient to the patient's husband may hardly be charged with reprehensible conduct.