OPINION OF THE COURT
Joseph D. Mintz, J.
Defendant moves for dismissal of plaintiff’s first and second causes of action pursuant to CPLR 3211 (a) (7) or, alternatively, for summary judgment pursuant to CPLR 3212 (b). Plaintiff cross-moves for summary judgment on her first cause of action and also moves to amend her complaint with respect to the second cause of action increasing the ad damnum clause from $50,000 to $500,000.
The facts underlying this action are as follows: Plaintiff herein was the plaintiff in a personal injury action against Symphony North Apartments for an alleged slip and fall on that defendant’s premises (that lawsuit will hereinafter be referred to as the original lawsuit). Following the plaintiff’s fall, she was taken to Millard Fillmore Hospital where she was treated by defendant. In the original lawsuit plaintiff was represented by Mr. Grimm, her attorney herein, and Symphony North Apartments was represented by Mr. Edward Taublieb. During the course of Mr. Grimm’s preparing Dr. Wierzbieniec for his testimony at trial, Dr. Wierzbieniec communicated to Mr. Grimm that he was unhappy testifying in the plaintiff’s behalf and asked for the name of the defendant’s attorney. Mr. Grimm told Dr. Wierzbieniec that Mr. Taublieb represented the defendant. *125 Sensing some difficulty, Mr. Grimm, upon authorization of his client, informed Dr. Wierzbieniec that the matters discussed between the plaintiff and Dr. Wierzbieniec were privileged and were not to be divulged to any third party. Subsequently, defendant Dr. Wierzbieniec called Mr. Taublieb and divulged to him plaintiff’s prior psychiatric treatment, her extensive use of medication prescribed by her psychiatrist and Dr. Wierzbieniec’s opinion that her fall was related to her overuse of the medication. At the trial of the original lawsuit, Mr. Grimm decided not to call Dr. Wierzbieniec as a witness. During the defendant’s proof in the original lawsuit, defendant called Dr. Wierzbieniec as its witness. Upon learning this and also upon learning defendant’s intention to call plaintiff’s psychiatrist as a witness, plaintiff reentered settlement negotiations and settled the case for a sum which plaintiff alleges was considerably less than the value of the case.
Plaintiff’s action is based on the activity of Dr. Wierzbieniec outlined above in alleged contravention of the physician-patient privilege set out in CPLR 4504 (a) and Education Law § 6509 (9). Defendant argues that no cause of action exists in that the activity of Dr. Wierzbieniec, although unusual, did not breach any confidence in that the physician-patient privilege was waived upon plaintiff’s commencement of her original lawsuit. Thus, the issue before the court is whether a cause of action for a breach of confidence lies against a doctor who reveals communications between himself and the patient to the patient’s opponent in a personal injury action in which the patient’s physical and mental state are at issue, where such communications are outside the procedure required by the CPLR.
A cause of action for breach of confidentiality was first recognized in New York in the case of Clark v Geraci (29 Misc 2d 791 [Sup Ct, Kings County I960]). In that case, involving a doctor who revealed his patient’s alcoholism to the patient’s employer, the court recognized a cause of action for breach of confidence but declined to find the doctor liable, holding that the patient had waived the privilege of confidentiality by his prior behavior. In Felis v Greenberg (51 Misc 2d 441 [Special Term, Kings County 1966]), the court in dicta found a cause of action existed against a doctor who breached confidentiality, although holding there was a cause of action for defamation where the doctor had sent a false report to the patient’s insurer. Doe v Roe (93 Misc 2d 201 [Sup Ct, NY County 1977]) established a cause of action based upon a breach of implied covenant separate and distinct from any other traditional cause of action. Finally, in MacDonald v Clinger (84 AD2d 482 [4th Dept 1982]), the Fourth *126 Department firmly established a separate cause of action for breach of confidentiality as against public policy and specifically rejected as inappropriate a cause of action for implied contract and a cause of action for breach of privacy under Civil Rights Law article 5.
The above-cited cases establish a separate tort action for breach of confidence. The case law also makes clear that other causes of action are inappropriate. MacDonald (supra) rejects breach of contract as unable to afford relief for damages paid, and breach of privacy under the Civil Rights Law. The court in Hammer v Polsky (36 Misc 2d 482 [Special Term, NY County 1962]) found malpractice an inappropriate cause of action and also held prima facie tort inapplicable to cases for breach of confidence since there is no commercial setting. Also, Felis (supra) rejected prima facie tort for situations where established tort causes of action are available. Thus, the courts have ruled appropriate the tort of breach of confidence, and as inappropriate malpractice, breach of contract, breach of privacy, and prima facie tort.
In order to sustain a cause of action for breach of confidence, the court must find as a component, that there was a confidential relationship which had not been waived with respect to matters communicated by the physician. The first question is whether the privilege was waived at all. In 1969, the Court of Appeals unequivocally established that when a plaintiff brings a personal injury action in which his or her physical or mental condition is placed in issue, “a party waives the privilege.” (Koump v Smith, 25 NY2d 287, 294 [1969].) Under Koump, the plaintiff herein waived the privilege by commencing the original lawsuit since that lawsuit put into issue her physical and mental condition.
Although a plaintiff waives the privilege by commencing a personal injury action under Koump (supra), she only waives the privilege with respect to material issues. (Gorman v Goldman, 36 AD2d 767 [2d Dept 1971].) Plaintiff does not raise any issue with respect to the materiality of the disclosures made by the defendant to Mr. Taublieb. Since plaintiff is under an obligation in defending the summary judgment motion to come forward with evidentiary offerings to establish the existence of any factual issue, and has not done so with respect to this issue the court finds that no factual issue with respect to the materiality of the disclosure exists. This seems especially true in light of plaintiff’s cross motion for summary judgment under her first cause of action.
*127 Since there was a waiver under Koump (supra) and the waiver covered the subject matter disclosed, there being no exception under Gorman (supra), the court now turns to the question as to whether the procedures for disclosure under the CPLR act as a limitation on the waiver. There is no question that there is no authority either under the CPLR or under the Rules of the Appellate Division, Fourth Department (22 NYCRR), that allows for a private interview between the treating physician and the defendant’s representative in the original lawsuit. (Cwick v City of Rochester, 54 AD2d 1078 [4th Dept 1976]; Anker v Brodnitz, 98 Misc 2d 148 [Special Term, Queens County], affd without opn 73 AD2d 589 [2d Dept 1979], lv dismissed 51 NY2d 743 [1980].) Neither Cwick nor Anker dealt with an action by the patient against the physician for disclosure in a private interview. Both cases concerned appropriate procedure in a lawsuit between the patient and a third party. However, in dicta, the court in Anker stated, “[A] cause of action exists against a doctor who without authority [discusses] his patient’s confidences * * * A rule against the private interviews obtained in the case at bar will reduce unnecessary lawsuits for wrongful disclosure against doctors and insurers.” (Anker v Brodnitz, supra, at pp 152-153.) The dicta of the court seems to indicate that the waiver of confidentiality under Koump will not negate a cause of action for breach of confidence when the divulgence is other than according to CPLR or court rules. The Anker decision was affirmed according to the lower court opinion by the Second Department. However, three years later, in Feretich v Parsons Hosp. (88 AD2d 903, 904 [2d Dept 1982]), the Second Department clarified the Anker decision and stated, “We note further that, as discussed in Anker v Brodnitz (supra), these limits on disclosure are imposed not because of the physician-patient privilege, which is generally waived by bringing a malpractice action, but by the very design of the specific disclosure devices available in CPLR article 31.” This explanation that the procedures provided for in the CPLR are simply procedural impositions, and not limitations upon the waiver of the physician-patient privilege established in Koump, points out the unsoundness of the dicta in Anker, wherein that court intimates that the conduct of a private interview in a lawsuit in which the physician-patient privilege has been waived pursuant to Koump gives rise to a cause of action for breach of confidence. On the contrary, the conduct of the defendant herein, although outrageous, unprofessional and improper under the CPLR was not a breach of confidence since the privilege of confidentiality was waived by the commencement of the original lawsuit according to the *128 unequivocal language in Koump. To allow the plaintiff a cause of action herein upon the facts stated would be to create a cause of action for breach of procedure under the CPLR. Such a cause of action would be revolutionary, and this court cannot justify the creation of such a cause of action.
Further, the case of Clark v Geraci (29 Misc 2d 791, supra) is instructive. In that case the plaintiff had waived the physician-patient privilege in order to have the physician report to the patient’s employer the illnesses for which he was treated. The plaintiff’s instructions were to set forth the illnesses without reference to the alcoholism which contributed to the illnesses. The patient’s employer, which was the United States Air Force, returned the report, which had been submitted according to the plaintiff’s instructions, to the doctor with a request for further information. The plaintiff again instructed the doctor not to report his alcoholism; however, in order to comply with the Air Force’s requests, the doctor reported that the plaintiff’s alcoholism caused the illnesses for which the doctor treated the plaintiff. The court, in ejecting plaintiff’s claim for damages due to his subsequent loss of employment directly flowing from the doctor’s report, stated that when the plaintiff waived the privilege, the waiver was complete and would not thereafter be subject to “termination, restriction or qualification.” (Clark v Geraci, supra, at p 794.) The court went on to state, “Having placed the doctor in the position of telling but part of the truth, he is estopped from preventing his divulging the remainder.” (Supra, at p 794.) The facts of that case are analogous to the case at bar in that plaintiff herein had attempted to reinstate the privilege by Mr. Grimm’s communication to Dr. Wierzbieniec that Dr. Wierzbieniec was not to divulge confidences to any third party. By that communication, plaintiff had attempted to limit the waiver of privilege occasioned by the commencement of the lawsuit. As in Clark, such an attempt is ineffective and no confidence of any sort existed with respect to the matters divulged to Mr. Taublieb, and, consequently, no cause of action based upon breach of confidence will lie.
It may be noted that a plaintiff in the position of plaintiff herein is not, by this decision, totally without recourse. A breach of CPLR procedure as occurred during the original lawsuit may have resulted in an order of preclusion pursuant to a motion brought before the Trial Judge. That is, although defendant in the original lawsuit could not have been precluded from introducing evidence of plaintiff’s psychiatric and drug history by reason of the physician-patient privilege, the defendant may have been precluded from introducing that evidence due to *129 violations of the CPLR. Plaintiff’s failure to so move for preclusion order at the original trial should not be compensated for by the creation of a cause of action based on the breach of CPLR procedures. In addition, defendant’s unprofessional behavior, though not actionable, is certainly reportable to the licensing authorities.
Plaintiff’s second cause of action is an action for punitive damages. Aside from the fact that punitive damages need not be separately pleaded, the cause of action has the same basis as the first cause of action, and it too must fall. For this reason, plaintiff’s cross motion to increase the amount of punitive damages sought need not be considered.
For the foregoing reasons, defendant’s motion for summary judgment dismissing plaintiff’s complaint is hereby granted and plaintiff’s motion for summary judgment and to amend her complaint are hereby denied.