808 F.2d 955
 Medicare&Medicaid Gu 36,050
William F. KIDNEY, Jr., an infant by his Father and Natural
Guardian William F. KIDNEY, and William F. Kidney,
Individually, Plaintiffs-Appellees,
v.
KOLMAR LABORATORIES, INC., Defendant-Appellant,
and
Orange County Department of Social Services, Appellee,
Orange and Rockland Utilities, Inc., Defendant.
 No. 1435, Docket 86-7194.
 United States Court of Appeals,
Second Circuit.
 Argued June 2, 1986.
Submitted After Certification
Nov. 28, 1986.
Decided Jan. 5, 1987.
 
 Jeffrey J. Ellis, New York City (Quirk and Bakalor, New York City, on the brief), for defendant-appellant.
 James G. Sweeney, Co. Atty., Goshen, N.Y., for plaintiffs-appellees.
 Before NEWMAN, PIERCE, and MINER, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This appeal represents the inaugural use of a valuable device for cooperation among the federal and state courts within this Circuit--certification by this Court of a question of state law to the highest court of the relevant State. New York and Connecticut have recently adopted the certification procedure. See N.Y. Rules of Court Sec. 500.17 (N.Y.Ct.App.) (McKinney rev. ed. 1986); 1985 Conn. Acts III Sec. 1 et seq. (Reg.Sess.). On this appeal from a judgment of the District Court for the Southern District of New York (Lee P. Gagliardi, Judge), we concluded that the question of state law presented by the appeal should be certified to the New York Court of Appeals. 798 F.2d 467 (2nd Cir.1986). We have now received that Court's answer to the certified question, 68 N.Y.2d 243, 509 N.Y.S.2d 491, 502 N.E.2d 168. Since that authoritative answer is the same one given by Judge Gagliardi, we affirm the judgment of the District Court.
 
 
 2
 The pertinent facts and the relevant issue can be readily gleaned from the text of the Certificate we transmitted to the New York Court of Appeals. Both to enhance understanding of this appeal and to provide an illustration of a form of Certificate that evidently complies with the certification procedure of the New York Court of Appeals, we set forth the full text of our Certificate:
 
 
 3
 [case caption]
 
 
 4
 Certificate to The New York Court of Appeals (pursuant to
 
 
 5
 McKinney's Revised 1986 New York Rules of Court
 
 Sec. 500.17(b)--certification of
 
 6
 unsettled question of state law)
 
 
 7
 1. The case concerns the interpretation of section 104-b(2) of the New York Social Services Law. A liability insurance carrier paid $30,000 on behalf of its insured to the family of an infant injured in an accident for which the insured was later found partially responsible. The payment was to help pay for necessary medical treatment for the infant. At a subsequent trial in the United States District Court the insured was found liable to pay 60% of $637,000 awarded to the infant and of $37,500 awarded to the infant's father. Shortly after the jury verdict, the Orange County, New York, Department of Social Services filed and served a lien for $27,503.33, funds it had paid to the infant's family for the infant's medical expenses. The District Court ruled that the insured was obligated to pay a portion of the County's lien in the amount of $22,003.33. Then, in the portion of the ruling that gives rise to this Certificate, the District Court ruled that the $30,000 advanced by the insured's carrier to the infant's family was not "the payment of any monies" within the meaning of section 104-b. In the Court's view, "payment of any monies" means payment of money only pursuant to a settlement or a judgment. The Court therefore concluded that, since the lien was filed before payment pursuant to the judgment, though after the advance of the $30,000, the insured was obligated to pay its portion of the lien without regard to the $30,000 already paid.
 
 
 8
 2. The question presented is whether money advanced by an insurer on behalf of its insured to an injured party, prior to settlement or judgment of a tort action, is "the payment of any monies" within the meaning of section 104-b(2) of the New York Social Services Law.
 
 
 9
 3. This question should be decided by the New York Court of Appeals at this time because there appears to be no controlling precedent of any New York court on the question and because the advancement of money by a liability carrier to an injured party, prior to settlement or judgment in a tort action, under circumstances where the injured party is also the recipient of state welfare assistance seems likely to recur with some frequency.
 
 
 10
 The New York Court of Appeals accepted the certified question for review and issued its decision on November 18, 1986. That Court answered the question in the negative, Kidney v. Kolmar Laboratories, Inc., 68 N.Y.2d 243, 509 N.Y.S.2d 491, 502 N.E.2d 168 (Ct.App.1986), thereby endorsing Judge Gagliardi's interpretation of New York's Social Services Law Sec. 104-b (McKinney 1983).
 
 
 11
 We recognize that issues of state law are not to be routinely certified to the highest courts of New York or Connecticut simply because a certification procedure is available. The procedure must not be a device for shifting the burdens of this Court to those whose burdens are at least as great. However, as this appeal demonstrates, the certification procedure is a valuable device for securing prompt and authoritative resolution of unsettled questions of state law, especially those that seem likely to recur and to have significance beyond the interests of the parties in a particular lawsuit.
 
 
 12
 We are pleased that New York and Connecticut have authorized the certification procedure and gratified that the New York Court of Appeals has permitted the procedure to be successfully employed in this litigation.[1]
 
 
 13
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 On a prior occasion, a question of Connecticut law was certified to the Supreme Court of Connecticut, but that Court declined review, presumably because repeal of the state statute at issue had virtually eliminated the possibility that the precise question would recur. See Connecticut Performing Arts Foundation, Inc. v. Brown, 801 F.2d 566, 567 (2d Cir.1986)