24 F.3d 394
 George MADDEN and Rosanne Cohen, Plaintiffs-Appellants-Cross-Appellees,
v.
CREATIVE SERVICES, INC., Alan T. Sklar, Individually and as
an Officer of Creative Services, Inc., Ralph
Douglas Howe, Jr. and Michael Sean Cole,
Defendants-Appellees,
National Amusements, Inc. and Sumner Redstone, Individually
and as an Officer of National Amusements, Inc.,
Defendants-Appellees-Cross-Appellants.
 Nos. 1180, 1336, Dockets 93-7976, 93-7990.
 United States Court of Appeals,
Second Circuit.
 May 5, 1994.
 
 1
 Present: NEWMAN, Chief Judge, MAHONEY, CAMPBELL,* Circuit Judges.
 
 ORDER
 
 2
 This appeal from the United States District Court for the Western District of New York (Michael A. Telesca, Chief Judge), came on to be heard on the transcript of record from said district court, and was argued by counsel. On consideration of the briefs, appendix, record, and oral argument in this appeal, it is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with a complete set of the briefs, appendix, and record filed with this Court by the parties. This panel retains jurisdiction so that, after we receive a response from the New York Court of Appeals, we may dispose of the appeal. The parties are hereby ordered to bear equally such fees and costs, if any, as may be requested by the New York Court of Appeals.
 
 
 3
 JON O. NEWMAN
Chief Judge.
J. DANIEL MAHONEY (per J.O.N.)
LEVIN H. CAMPBELL (per J.O.N.)
Circuit Judges.
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
Nos. 1180, 1336--August Term 1993
Docket Nos. 93-7976, 93-7990
Filed: May 5, 1994
GEORGE MADDEN and ROSANNE COHEN,
Plaintiffs-Appellants-Cross-Appellees,
--v.--
CREATIVE SERVICES, INC., ALAN T. SKLAR, INDIVIDUALLY AND AS
AN OFFICER OF CREATIVE SERVICES, INC., RALPH
DOUGLAS HOWE, JR. and MICHAEL SEAN COLE,
Defendants-Appellees,
NATIONAL AMUSEMENTS, INC. and SUMNER REDSTONE, INDIVIDUALLY
AND AS AN OFFICER OF NATIONAL AMUSEMENTS, INC.,
Defendants-Appellees-Cross-Appellants.
 
 ORDER
 
 4
 Certificate to the New York Court of Appeals pursuant to Local Rule Sec. 0.27 and N.Y.Comp.Codes R. & Regs. tit. 22, Sec. 500.17(b) (McKinney 1994).
 
 
 5
 The recital that follows is based on the allegations of the complaint. This litigation arises from an episode in which employees of a private investigative agency broke into a lawyer's office, examined the lawyer's files relating to one of the lawyer's clients, and photographed some of the contents of such files. The episode has its genesis in the activities of plaintiff George Madden as head of a citizens' group to oppose a plan of defendant National Amusements, Inc. to build a 12-screen movie complex in a residential area of Pittsford, New York. Madden, his wife, and the citizens' group had received legal representation from Francis E. Kenny, Esq., of the Rochester firm of Nixon, Hargrave, Devans & Doyle.
 
 
 6
 National Amusements retained defendant Creative Services, Inc. to investigate Madden and his wife. Employees of Creative Services unlawfully entered Kenny's law office and read and photographed privileged documents that had been provided to Kenny by Madden. The agency's employees also surreptitiously photographed the client and his wife and attempted to gain access to their home by false pretenses--telephoning Madden to make an appointment to visit the home, posing as interested home buyers. The employees never entered the home to keep their scheduled appointment because they were arrested the day before by local police for the unlawful entry into the lawyer's office. The employees ultimately pled guilty to trespass charges. It is not clear what became of the film used by the employees to photograph documents in the lawyer's office.
 
 
 7
 Madden and his wife sued National Amusements and its president, Sumner Redstone; and Creative Services, its president, Alan T. Sklar, and its employees, Ralph D. Howe, Jr. and Michael S. Cole. Plaintiffs alleged several causes of action against all defendants: (1) causing mental and emotional distress, (2) violation of the attorney-client privilege, (3) conversion of plaintiffs' property, (4) conducting an unlawful search and seizure in violation of section 8 of the New York Civil Rights Law, and (5) interfering with plaintiffs' right to petition governmental agencies to obtain a legal remedy. In addition, plaintiffs alleged against National Amusements and Redstone a cause of action for reckless and wanton conduct including negligent retention, instruction, and supervision of Creative Services, Sklar, Howe, and Cole, and a similar cause of action against Creative Services, Inc. and Sklar with respect to Howe and Cole. In addition, each plaintiff also alleged a cause of action for loss of consortium. The amicus curiae, Association of Trial Lawyers of America, suggests on appeal that the complaint may be viewed as alleging facts sufficient to support a claim for a prima facie tort or a claim for a civil conspiracy. Plaintiffs sought compensatory and punitive damages. Defendants Creative Services, Sklar, Howe, and Cole moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss for failure to state a claim. Defendants National Amusements and Redstone moved, pursuant to Fed.R.Civ.P. 12(c), for judgment on the pleadings or, pursuant to Fed.R.Civ.P. 56, for summary judgment. National Amusements and Redstone also sought sanctions against plaintiffs' attorney, pursuant to Fed.R.Civ.P. 11. The District Court granted the defendants' motions to dismiss, ruling that none of the claims sufficed under New York law. The District Court denied the request for sanctions.
 
 
 8
 With respect to each of the causes of action alleged, except the claim of violation of the attorney client-privilege, we are inclined to agree with the District Court's reasoning as expressed in Judge Telesca's decision dated August 20, 1993. With respect to the cause of action for violation of the attorney-client privilege, however, we are in some doubt. The plaintiffs acknowledge that no decision of a New York court has considered whether a client has a cause of action for a third party's invasion of the attorney-client privilege. Judge Telesca viewed the claim as circumscribed by N.Y.Civ.Prac.L. & R. 4503 (McKinney 1992), which prohibits disclosure of a confidential communication between an attorney and a client; he pointed out that the complaint did not allege that Howe or Cole had disclosed to anyone the information they obtained from the lawyer's office. He also emphasized that the complaint alleged mental distress as a result of the privilege violation and no other injury. The plaintiffs contend that the viewing of confidential materials by Howe and Cole was sufficient disclosure to violate section 4503. They also contend that New York law would recognize a tort regardless of disclosure--that the mere intrusion into an attorney's confidential files breaches rights of the client. They also contend that no economic losses need be alleged.
 
 
 9
 We are aware that New York recognizes a cause of action for a patient whose physician-patient privilege has been breached by the physician. See Fedell v. Wierzbieniec, 127 Misc.2d 124, 125-26, 485 N.Y.S.2d 460, 461-62 (Sup.Ct. Erie Cty.1985), aff'd, 116 A.D.2d 990, 498 N.Y.S.2d 1013 (4th Dep't 1986); MacDonald v. Clinger, 84 A.D.2d 482, 486-89, 446 N.Y.S.2d 801, 804-05 (4th Dep't 1982); Doe v. Roe, 93 Misc.2d 201, 209-14, 400 N.Y.S.2d 668, 674-79 (Sup.Ct. New York Cty.1977) (also holding a third party liable); see also Harley v. Druzba, 169 A.D.2d 1001, 1002, 565 N.Y.S.2d 278, 279-80 (3d Dep't 1991) (social worker-client). At least one other state court has recognized a cause of action for a client whose attorney-client privilege was breached by the attorney. See Maritrans GP Inc. v. Pepper, Hamilton & Scheetz, 529 Pa. 241, 252-54, 602 A.2d 1277, 1282-84 (1992).
 
 
 10
 Whether New York would recognize a cause of action for a third-party's unauthorized examination of documents protected by the attorney-client privilege is not clear. No New York decision to date has recognized such a cause of action, yet no New York decision has rejected such a claim. Moreover, New York, like most states, attaches high importance to the attorney-client privilege. See, e.g., People v. Lynch, 23 N.Y.2d 262, 271, 296 N.Y.S.2d 327, 334, 244 N.E.2d 29, 35 (1968); People v. Pobliner, 32 N.Y.2d 356, 369 n. 2, 345 N.Y.S.2d 482, 492 n. 2, 298 N.E.2d 637, 644 n. 2 (1973), cert. denied, 416 U.S. 905, 94 S.Ct. 1609, 40 L.Ed.2d 110 (1974); Fusco v. Moses, 304 N.Y. 424, 433, 107 N.E.2d 581, 585 (1952).
 
 
 11
 Under all the circumstances, we certify the following questions of law to the New York Court of Appeals:
 
 
 12
 1. Does an intruder's unauthorized inspection of documents of a client in a lawyer's office give rise to a cause of action by the client against the intruder for violation of the attorney-client privilege?
 
 
 13
 2. If so, is it an element of such a cause of action that the plaintiff sustain economic loss?
 
 
 14
 We recognize that the questions as framed arise out of circumstances that seem to be rather unusual. We have tried to use the certification process for issues that are important and likely to recur with some frequency. See Kidney v. Kolmar Laboratories, Inc., 808 F.2d 955, 957 (2d Cir.1987). We have no wish to abuse the certification process, which is a valuable device in cooperative judicial federalism. At the same time, the issues presented by this appeal, though arising infrequently, implicate policies of importance to the State of New York and its judicial system. Therefore, we think we should use the certification process in this instance to afford the Court of Appeals an opportunity to speak definitively on New York law, though we would readily understand if that Court thought the issues inappropriate to warrant its acceptance of the certification.
 
 
 15
 Though certifying to the Court of Appeals the questions as framed above, we also wish to make clear that we have no desire to restrict the Court of Appeals from considering any state law issues that it might wish to resolve in connection with this appeal. Therefore, though our immediate request is for answers to the questions as framed, we would welcome any guidance the Court of Appeals might care to provide us with respect to any state law issues presented by this appeal.
 
 FOR THE COURT:
 GEORGE LANGE, III
 GEORGE LANGE, III
 
 16
 Clerk, United States Court of Appeals for the Second Circuit
 
 
 
 *
 Of the United States Court of Appeals for the First Circuit, sitting by designation