George MADDEN and Rosanne Cohen, Plaintiffs–Appellants–Cross–Appellees,

v.

CREATIVE SERVICES, INC., Alan T. Sklar, Individually and as an Officer of Creative Services, Inc., Ralph Douglas Howe, Jr. and Michael Sean Cole, Defendants–Appellees,

National Amusements, Inc. and Sumner Redstone, Individually and as an Officer of National Amusements, Inc., Defendants–Appellees–Cross–Appellants.

No. 1180, Docket 93–7976, 93–7990.

United States Court of Appeals, Second Circuit.

Argued Feb. 16, 1994.

Finally Submitted Jan. 18, 1995.

Decided March 20, 1995.

A. Vincent Buzard, Rochester, NY (Adele M. Fine, Rochester, NY, on the brief), for plaintiffs-appellants-cross-appellees.

Norman M. Spindelman, Rochester, NY (Karl S. Essler, Francis C. Affronti, Fix, Spindelman, Brovitz, Turk, Himelein & Shukoff, Rochester, NY, on the brief), for defendants-appellees.

Kenneth A. Payment, Rochester, NY (Carol L. O'Keefe, Harter, Secrest & Emery, Rochester, NY, on the brief), for defendants-appellees-cross-appellants.

James E. Rooks, Jr., Cheryl Flax–Davidson, Barry J. Nace, Washington, DC, submitted a brief for amicus curiae Ass'n of Trial Lawyers of America.

Before: NEWMAN, Chief Judge, MAHONEY and CAMPBELL,* Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal and cross-appeal primarily concern the issue of whether New York state law recognizes a tort cause of action for breach of the attorney-client privilege when an intruder makes an unauthorized inspection of a client's documents in a lawyer's office. The issue arises on an appeal by George Madden and his wife Rosanne Cohen ("the Maddens") from a judgment of the District Court for the Western District of New York (Michael A. Telesca, Chief Judge) dismissing their claims against Creative Services, Inc., National Amusements, Inc., and individuals associated with these corporations. We certified the state law issue to the New York Court of Appeals on May 5, 1994. Having received that Court's opinion, filed January 12, 1995, we now affirm the judgment of the District Court.

The lawsuit arose from an episode in which employees of Creative Services, a private investigative agency, broke into a lawyer's office, examined the lawyer's files relating to the Maddens, and photographed some of the contents of the files. The episode had its genesis in Madden's activities as head of a citizens' group opposing the plan of National Amusements to build a 12–screen movie complex in a residential area of Pittsford, New York. The Maddens and the citizens' group had received legal advice from Francis E. Kenny, Esq., of the Rochester firm of Nixon, Hargrave, Devans & Doyle.

National Amusements retained Creative Services to investigate the Maddens. Employees of Creative Services unlawfully entered Kenny's law office, and read and photographed privileged documents that the Maddens had provided to Kenny. The employees ultimately pled guilty to trespass charges.

The Maddens brought a diversity suit alleging a variety of causes of action, including a tort claim for breach of the attorney-client privilege. Concluding that all of the claims were legally insufficient, the District Court granted the defendants' motion to dismiss, but denied the defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11. By summary order, we indicated our agreement with the District Court as to all of the causes of action other than the novel attorney-client privilege claim, and certified to the New York Court of Appeals the question:

> Does an intruder's unauthorized inspection of documents in a lawyer's office give rise to a cause of action by the client against the intruder for violation of the attorney-client privilege?

*Madden v. Creative Services, Inc.,* 24 F.3d 394 (2d Cir.1994). The New York Court of Appeals accepted the certification and subsequently filed an opinion answering the question in the negative. *Madden v. Creative Services, Inc.,* 84 N.Y.2d 738, 622 N.Y.S.2d 478, 646 N.E.2d 780 (1995).

Accordingly, we reconfirm our prior ruling of agreement with the District Court on all the causes of action other than breach of the attorney-client privilege, for reasons fully set forth in Chief Judge Telesca's opinion, and

---

* The Honorable Levin H. Campbell of the United States Court of Appeals for the First Circuit, sitting by designation.

now affirm his ruling dismissing the claim for breach of the attorney-client privilege, in light of the authoritative ruling of the New York Court of Appeals. On the cross-appeal, we affirm the denial of sanctions.

The judgment of the District Court is affirmed.