■ LINDA LAVIN, Appellant, v KAUFMAN, GREENHUT, LEBOWITZ & FORMAN et al., Respondents. [640 NYS2d 57] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered November 18, 1994, which, *inter alia*, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), to the extent of dismissing, with prejudice, plaintiff's claims for fraud, breach of fiduciary duty, professional negligence, and breach of contract as barred by the applicable Statute of Limitations, except as they relate to plaintiff's alleged investments in 1989 and 1992, unanimously reversed, on

the law, to the extent appealed from, without costs, defendants' motion denied with regard to such claims and the first, second, third and fourth causes of action reinstated.

In this action against her accountants, who provided accounting, investment and tax services to her between 1976 and 1992, plaintiff alleges that she was the victim of various acts of fraud, breach of contract and fiduciary duty, professional negligence and bad faith on the part of defendants. According to the complaint, plaintiff trusted the individual defendant, her accountant, who made all investment decisions for her from 1976 to 1992, and she always followed his advice and routinely signed whatever financial or tax documents he suggested. Beginning in 1978, the accountant advised plaintiff to invest in tax shelter limited partnerships, which he described to her as a safe, conservative way to shelter her income, preserve her capital and make money.

The amended complaint essentially alleges that despite knowledge of plaintiff's total trust and reliance upon his advice, her accountant concealed pertinent information about her investments, including that they were high risk investments, were not liquid, that several of her earlier investments had not returned any capital or interest and, in some instances, her substantial investment had been lost. He also failed to tell her that one investment in a restaurant venture involved other accounting clients of his and was structured so as to protect them, while putting plaintiff's funds at risk. The first cause of action alleges common law fraud, the second accuses defendants of breach of fiduciary duty, the third is for professional negligence, and the fourth for breach of contract.

Explaining that all of plaintiff's claims were subject to a six year Statute of Limitations, the IAS Court dismissed all of plaintiff's claims, except those involving two investments she made in 1989 and 1992. However, despite the fact that defendants' motion was made pursuant to CPLR 3211, challenging the facial sufficiency of the complaint, and did not seek summary judgment dismissal under CPLR 3212, the court reached beyond the four corners of the pleading in dismissing most of the complaint and made factual findings unwarranted at this stage of the proceedings.

The complaint sets forth, in detail, allegations of defendants' continuous representation of plaintiff. Under the heading, "Fraudulent Concealment", it also alleges, in detail, all of the information that defendants knowingly misrepresented or failed to disclose to plaintiff, at the conclusion of which plaintiff asserts that she did not become aware of defendants' wrongdo-

ing until mid-1992 and that, prior to that time, she was not on notice and had no reason to know that they had made false representations and omissions. The court, however, concluded that plaintiff had access to or could, with due diligence, have ascertained whether there was any fraud with respect to the limited partnerships in which she invested. Inasmuch as plaintiff expressly denied in her complaint that the necessary material was ever supplied to her, the court, by concluding that plaintiff could have ascertained the condition of her investments from her annual tax returns and statements of net worth, effectively accepted defendants' version of the facts in largely granting their motion to dismiss.

Unless it conclusively appears that the plaintiff had knowledge of facts from which the alleged fraud might be reasonably inferred, a claim for fraud should not be barred by the Statute of Limitations (*K&E Trading & Shipping v Radmar Trading Corp.*, 174 AD2d 346, 347; *see also, Trepuk v Frank*, 44 NY2d 723). Thus, inasmuch as it cannot, as a matter of law, be determined from the circumstances herein that plaintiff had adequate information to perceive that defendants may have been engaged in fraudulent conduct, the dismissal of plaintiff's first cause of action for fraud was unwarranted.

Also, the second and third causes of action for breach of fiduciary duty and professional negligence should not have been dismissed. Unlike *Zaref v Berk & Michaels* (192 AD2d 346), where this Court found insufficiently particularized allegations of all of the essential elements of fraud, here plaintiff has set forth a series of acts, representations and/or omissions relating to the 16 investments mentioned in her complaint. While she may not have asserted such acts, representations and/or omissions as to every single one of the 16 investments, her allegations, which include specifics regarding many of these transactions, are certainly sufficient to, at the very least, avoid dismissal pursuant to CPLR 3211. Finally, plaintiff's fourth cause of action for breach of contract cannot be separated from the causes of action for breach of fiduciary duty and professional negligence and should not have been dismissed. Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Mazzarelli, JJ.