**Michael BLOCK, Plaintiff,**

**v.**

**RAZORFISH, INC.; Avalanche Solutions, Inc.; Jeffrey A. Dachis; Craig M. Kanarick; and Peter Seidler, Defendants.**

**Peter Seidler, Third Party Plaintiff,**

**v.**

**Ralph Anderson, Jr., Third Party Defendant.**

**No. 00 Civ.2074(JSR).**

United States District Court, S.D. New York.

Nov. 20, 2000.

---

Roger Kaplan (Wilentz, Goldman & Spitzer, P.C.), Woodbridge, NJ, for Plaintiff.

Julie Glynn and James E. Hough (Morrison & Foerster), New York City, for Defendants and Third Party Plaintiff.

Richard P. Swanson and Daniel T. Buzzetta (Thelen Reid & Priest LLP), New York City, for Third Party Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

After plaintiff Michael Block brought the instant suit against defendant Peter Seidler (among others), Seidler filed a third-party action against one Ralph Anderson, Jr., who had at various times rendered accounting services to Seidler, to Block, and to a company, defendant Avalanche Solutions Inc., that Block and Seidler once owned jointly. In his third-party complaint, Seidler claims that Anderson breached fiduciary duties owed to Seidler, and committed malpractice, by telling Block about certain transactions purportedly entered into by Seidler, on which Block then premised his suit. These allegations are peculiar, among other respects, in that they state that most (though not all) of the information that Anderson supposedly conveyed to Block was neither truthful information nor information that Seidler in fact conveyed to Anderson, but that Anderson, in conveying this largely false information to Block, nonetheless breached various duties to Seidler by making it *appear* that he had received this

information from Seidler. *See* Third–Party Compl. ¶¶ 9–14.

Anderson now moves pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss each of the three claims against him. The motion must be granted.

■ Regarding the first of Seidler's two claims against Anderson—for "Breach of Fiduciary Duties," *see* Third–Party Compl. ¶¶ 23–25—the only such duty particularized in the Third–Party Complaint is a supposed "duty of confidentiality." Yet, as noted, the complaint specifically denies that Seidler actually conveyed to Anderson most of the information that Anderson conveyed to Block; thus, whatever breach supposedly occurred, it cannot be a breach of confidentiality. As for the small part of the information that Anderson conveyed to Block that the complaint alleges was actually conveyed by Seidler to Anderson, Seidler elsewhere concedes that by the time Block commenced his suit against Seidler this information had become a matter of public record. *See* Defs.' Mem. of Law in Support of Mot. to Dismiss at 5–6 (May 15, 2000). Thus, after excluding both the information that Anderson conveyed to Block that Seidler alleges did not derive from him and the information that Anderson conveyed to Block that Seidler concedes became public before Block brought suit, there is nothing left on which Seidler can premise a claim of breach of confidentiality.

■ There is, moreover, a more fundamental flaw in Seidler's first claim, whether it is limited to alleged breaches of confidentiality or also extends to his more nebulously-pled breaches of other, unspecified fiduciary duties. The flaw is that New York law, on which Seidler's claims are premised, simply does not provide a cause of action sounding in fiduciary breach for the kinds of accountant misconduct here alleged.

Indeed, at oral argument, Seidler's counsel conceded that there appears to be no New York case in which an accountant was sued for breach of fiduciary duty for "using his position of access to the client's personal and confidential information to give credence to statements that the accountant represents the client disclosed to him, but which, in fact, the client did not." Third–Party Compl. ¶ 14. *See* transcript of oral argument, Oct. 27, 2000. But even with respect to disclosure of confidential information that an accountant actually obtained from his client, Seidler is unable to cite a single New York case in which such disclosure was held to support a claim for breach of fiduciary duty.

This is not to say that such conduct is professional, or that it cannot give rise to a grievance complaint. In fact, New York's rules governing the professional conduct of accountants provide that "[u]nprofessional conduct shall also include revealing of personally identifiable facts, data or information obtained in a professional capacity without the prior consent of the client." 8 N.Y.C.R.R. § 29.10(c).

■ But not every act of unprofessionalism gives rise to a legal cause of action for breach of fiduciary duty. On the contrary, New York courts "do not generally regard the accountant-client relationship as a fiduciary one." *Nate B. & Frances Spingold Foundation v. Wallin, Simon, Black and Co.,* 184 A.D.2d 464, 585 N.Y.S.2d 416, 417 (1st Dept. 1992) (internal quotation marks and citation omitted). While some New York cases appear to recognize certain limited circumstances in which an accountant's misconduct can give rise, among other claims, to a claim for breach of fiduciary duty—such as in situations where the accountant engages in affirmative fraud on the client, *see, e.g., Lavin v. Kaufman, Greenhut, Lebowitz & Forman,* 226 A.D.2d 107, 640 N.Y.S.2d 57, 57–58 (1st Dept. 1996); *Kanev v. Turk,* 187 A.D.2d 395, 590 N.Y.S.2d 211, 211 (1st Dept. 1992)—Seidler's claim of fiduciary breach does not fall within any of these exceptions.

■ For similar reasons, Seidler's malpractice claim must also fall. Under

New York law, unprofessional conduct does not give rise to a malpractice claim unless that conduct is alleged to have negatively impacted on the professional services rendered. *See, e.g., Condren v. Grace,* 783 F.Supp. 178, 187 (S.D.N.Y.1992) (applying New York law); *Hammer v. Polsky,* 36 Misc.2d 482, 233 N.Y.S.2d 110, 111 (N.Y.Sup.1962). Here, Seidler has not alleged that Anderson's alleged ethical breaches in any way affected his provision of accounting services to Seidler.

In sum, what the third-party complaint here alleges, at most, is unprofessional conduct by Anderson in allegedly disclosing to his other client, Block, information harmful to Seidler that Anderson represented he had obtained in the course of representing Seidler. But New York, like other jurisdictions, has concluded that not every act of unprofessionalism necessarily gives rise to a particular cause of action, and in this case the allegedly unprofessional disclosures—if they occurred at all—fail to make out a claim under either of the legal theories on which the third-party complaint relies.

Accordingly, third-party defendant Anderson's motion to dismiss is hereby granted in full and the third-party complaint dismissed.

SO ORDERED.