■ ETHEL E. STEINER, Appellant, v UNIVERSITY OF ROCHESTER et al., Respondents. [719 NYS2d 407] —Order unanimously affirmed with costs. Memorandum: Plaintiff, a participant in a drug treatment program operated by defendants, commenced this action alleging claims for breach of the duty of confidentiality and prima facie tort. The action arises out of the alleged improper disclosure of information by defendant Mary Ellen Ross, the clinical coordinator of the program, to a representative of the Monroe County Probation Department who was preparing a presentence investigation report concerning plaintiff on a pending charge of criminal possession of a controlled substance. Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint. With respect to the claim for breach of the duty of confidentiality, defendants met their burden of establishing entitlement to judgment as a matter of law by submitting evidentiary proof that plaintiff executed consents expressly permitting disclosure of information concerning plaintiff's treatment in the drug program, and thus waived any claim of privilege (see, Clark v Geraci, 29 Misc 2d 791, 793-794; see generally, Fedell v Wierzbieniec, 127 Misc 2d 124, 125-128, affd 116 AD2d 990). Plaintiff acknowledged that she executed the consents, and her contention that the disclosure of information did not come within the scope of the consents is without merit. There is likewise no merit to the claim for prima facie tort. Defendants established that they did not act with the intent to harm plaintiff (see, ATI, Inc. v Ruder & Finn, 42 NY2d 454, 458), and plaintiff failed to raise a triable issue of fact on that issue.

The court did not abuse its discretion in denying plaintiff's cross motion for a default judgment against the corporate defendants. The court properly determined that those defendants demonstrated a reasonable excuse for their default in appearing in the action and a meritorious defense to the complaint (see, Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 141; Mayville v Wal-Mart Stores, 273 AD2d 944, 945). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.— Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.