*580 OPINION OF THE COURT
David B. Saxe, J.
Is a summons and complaint that does not contain a plaintiffs name jurisdictionally defective?
Sometime in May of 1986 plaintiffs’ attorney purportedly commenced an action by serving a summons and complaint in which the plaintiffs were identified by the fictitious names, Carol "Coe” and Toni "Doe”. The complaint sought damages arising out of an incident in which both plaintiffs were assaulted and raped.
On June 16, 1986, I denied an application made by plaintiffs’ attorney seeking permission for plaintiffs to proceed in the lawsuit utilizing fictitious names.
Before me is plaintiffs’ motion pursuant to CPLR 3025 (b) seeking leave, inter alia, to serve an amended complaint that now specifies the real names of the plaintiffs involved. The amended complaint according to counsel also "corrects a typographical error” contained in the original complaint changing the date of the attack from July 6, 1985 to July 6, 1984.
The defendants have cross-moved to dismiss the action. Their argument is based on the strictures of CPLR 2101 which expressly states that a summons and complaint shall include the names of all the parties.
The plaintiffs’ attorney argues that the plaintiffs are indeed named as are the defendants but, however, the plaintiffs used pseudonyms in order to preserve their anonymity. This, claims the plaintiffs’ counsel, does not affect the validity of the summons and complaint or the obtaining of jurisdiction over defendant Sail or the other defendants.
Based upon CPLR 2101 and well-settled precepts of jurisdiction, the court does not accept plaintiffs’ position. The wording of the statute is clear; it provides that the names of the plaintiffs must be included on the summons and complaint.
The reason behind the requirement goes to the basic requirement of due process: (1) notice and (2) an opportunity to be heard (Siegel, NY Prac § 58, at 59). The failure to provide the names of the plaintiffs on the summons and complaint deprived the defendants of the notice to which they were entitled because without the inclusion of plaintiffs’ identities, the defendants would be charged with negligence and assault in the abstract. The notice requirement mandates that defen *581 dants be apprised of whom they allegedly injured. Without that information they have no way of connecting their acts to any specific persons.
A party has the right to know the identity of those who seek to sue him. And, CPLR 2101 properly incorporates this basic rule of fairness. There is nothing unusual or technical about this. Our criminal law, for example, abounds with the notion that one accused has the right to know the identity of his accuser. (US Const 6th Amend; NY Const, art I, § 6.) The failure to provide that basic information on the summons and complaint is not, therefore, a technical defect.
Since the summons and complaint were defective, jurisdiction was not acquired over any of the defendants. That being so, there is nothing to amend. No valid lawsuit exists for the purpose of the purported amendment or substitution. If plaintiffs wish to commence a lawsuit they may do so by serving a summons and complaint that in the first instance identifies themselves as the parties who are bringing a suit.
The motion to amend is denied; the cross motions to dismiss the action are granted.