OPINION OF THE COURT
Angelo J. Ingrassia, J.
Plaintiff seeks an order that all papers in the above-captioned action and all judgments, orders, decisions, notices to the court and any other document relating to this action hereinafter bear the caption E.K. v The New York Hospital-Cornell Medical Center and Raye Perlmutter. Plaintiff also seeks an order directing the County Clerk to enter and record all papers in this litigation under the title E.K. v The New York Hospital-Cornell Medical Center and Raye Perlmutter.
Plaintiff commenced this action alleging defendants wrongfully disclosed confidential information regarding the care and treatment of plaintiff’s mental illness while she was a patient at The New York Hospital-Cornell Medical Center (Hospital). Plaintiff seeks the instant relief in order to maintain her privacy and to protect her interest in avoiding the stigma, discrimination and other adverse consequences that may result should plaintiff’s name, history and circumstances of her illness be made available to the general public.
Defendants cross-move to dismiss the complaint for lack *336 of personal jurisdiction. Defendants claim that service of a summons and complaint which identifies plaintiff as "E.K.” is fatally defective. Citing Coe u LaGuardia Airport Hotel Assocs. (134 Misc 2d 579 [Sup Ct, NY County 1987]), defendants argue that the strictures of CPLR 2101 (c) require that plaintiff set forth her true name in the caption of the summons and complaint. In Coe, the court found the rationale for disclosure of plaintiffs’ names to be grounded in the basic due process rights of notice and an opportunity to be heard. The court stated that where the plaintiffs’ identities were not disclosed, defendants would be charged with "negligence * * * in the abstract” and that "[w]ithout that information they would have no way of connecting their acts to any specific persons.” (Coe v LaGuardia Airport Hotel Assocs., supra, at 580, 581.) Unlike the situation in Coe, plaintiff in the case at bar has, through counsel, provided defendants with actual notice of the plaintiff’s identity by letters dated February 26, 1991 and March 18, 1991. Said letters also detail the substance of the allegations contained in the complaint as well as the dates during which plaintiff sought treatment at the New York Hospital-Cornell Medical Center. Moreover, defendant Hospital’s answer admits paragraph 11 of the complaint which alleges, "[p]laintiff was admitted as a patient to defendant New York Hospital-Cornell Medical Center on October 1, 1990 to receive inpatient care and treatment for Major Depression and Panic Attacks.” That codefendant Perlmutter has denied knowledge or information sufficient to form a belief as to this allegation is of no consequence. Perlmutter, an employee of defendant Hospital, can be said to have constructive knowledge of plaintiff’s identity since her employer has such knowledge and both defendants are represented by the same law firm.
Accordingly, plaintiff’s motion insofar as she seeks to prosecute this action under the pseudonym "E.K.” is granted. All papers in this action shall only refer to plaintiff as "E.K.” and the County Clerk shall enter the caption of this action as E.K. v The New York Hospital-Cornell Medical Center and Raye Perlmutter in the current minute book and all indicies recording actions and proceedings maintained in the office of the Orange County Clerk. The cross motion to dismiss the action as well as the alternative relief of amending the caption to include plaintiff’s full name is denied. Further, by prosecuting this action as "E.K.” plaintiff has not prejudiced her right to a jury trial.
*337 Defendants move by way of separate order to show cause for suppression of all documents, statements, records and material obtained by the plaintiff or her counsel, Disability Advocates, Inc., from defendants on May 10, 1990, February 2, 1991, March 18, 1991 and April 1, 1991. Further, defendants seek the imposition of sanctions against plaintiff and plaintiffs counsel, and for this court to refer the alleged misconduct of plaintiffs counsel to the Orange County District Attorney and the appropriate Disciplinary Committee of the Appellate Division.
Initially, defendants contend that Disability Advocates, Inc. is not a proper party to bring this action on behalf of plaintiff.
Disability Advocates, Inc. is a not-for-profit corporation which provides protection and advocacy services to individuals diagnosed with a mental illness in New York under a contract with the New York State Commission on Quality of Care for the Mentally Disabled. Disability Advocates, Inc. performs its services pursuant to the Protection and Advocacy for Mentally 111 Individuals Act of 1986 (42 USC § 10801 et seq.) (hereinafter PAMII) which includes, inter alia, the authority to investigate complaints on behalf of such individuals. Section 10805 of the PAMII specifically authorizes Disability Advocates, Inc. to pursue, inter alla, legal remedies on behalf of individuals diagnosed with a mental illness. Thus, Disability Advocates, Inc. has standing to litigate this matter on behalf of plaintiff.
Defendants further challenge whether plaintiff was mentally ill. As the complaint makes clear, however, plaintiff was institutionalized, suffering from a mental illness at the time the alleged breach of confidentiality occurred.
Next, defendants contend that Disability Advocates, Inc. intentionally misrepresented itself as a State-sanctioned investigatory agency and while draped in this shroud of governmental authority, obtained a confidential quality review document and plaintiffs clinical file. Defendant contends that since this is a medical malpractice action, plaintiff would never have been able to obtain defendant’s quality review report. Accordingly, since defendants argue plaintiff allegedly obtained this report through wrongful conduct, defendants seek the disqualification of Disability Advocates, Inc. from representing plaintiff and for the imposition of sanctions and related relief.
Disability Advocates, Inc. has, pursuant to its enabling legislation, both investigatory and advocacy functions. It may *338 investigate and negotiate solutions to problems brought by individuals deemed mentally ill or their representatives, or give legal advice and go to court, if necessary, on behalf of individuals.
The letter of Cliff Zucker, executive director of Disability Advocates, Inc. dated May 10, 1990, and sent to defendant Hospital’s director of quality assurance, correctly implies that Disability Advocates, Inc. is an agency authorized to investigate, protect and advocate on behalf of the mentally ill. A follow-up letter by Disability Advocates, Inc. dated February 26, 1991 to the Hospital’s director of quality assurance, which specifically addressed the claims of plaintiff did not request production of any quality review report, rather, Disability Advocates, Inc. merely stated it "would greatly appreciate your looking into this most serious allegation.” Finally, the letter dated March 18, 1991 to defendant Hospital’s medical records department requests plaintiff’s clinical file pursuant to its investigatory authority. (See, Mental Hygiene Law § 33.13 [c] [4]; § 45.09 [b].)
As a result of the letters of February 26, and March 18, 1991, defendant Hospital provided Disability Advocates, Inc. with a summary of the Hospital’s investigation of the events in question and plaintiff’s clinical file. Defendants contend the "report” which plaintiff received detailing the Hospital’s investigation is a quality assurance report which is confidential and not subject to disclosure pursuant to Public Health Law § 2805-m. Defendants’ claims are without merit. Public Health Law §§ 2805-j and 2805-m provide, inter alla, that investigations of medical, dental and podiatric malpractice actions shall be confidential. The action at bar is not a medical malpractice action, rather plaintiff’s causes of action arise from a breach of professional confidence. (See, e.g., Harley v Druzba, 169 AD2d 1001; Tighe v Ginsberg, 146 AD2d 268.) Accordingly, the alleged report, which upon in camera review does not reveal any confidential information, and plaintiff’s clinical file were properly obtained by Disability Advocates, Inc.
Defendant Hospital’s concern that Disability Advocates, Inc. is capable of utilizing its governmental authority to obtain confidential information which it then utilizes in its capacity as a private litigation firm raises questions of public policy. Disability Advocates, Inc. has acted in accordance with its enabling legislation. Defendants’ concerns, therefore, are more properly addressed to Congress.
*339 Accordingly, defendants’ motion to suppress documents, disqualify Disability Advocates, Inc., impose sanctions and refer this matter to the Orange County District Attorney and Appellate Division’s Disciplinary Committee is denied.
Plaintiff is awarded $100 motion costs against defendants. (CPLR 8202.)
The parties are directed to appear for a conference before this court on July 10, 1992.