**Gregory BULLION, Plaintiff,**

v.

**Angelo F. GADALETO, Ph.D., Defendant.**

**Civ. No. 94–562–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Jan. 6, 1995.

---

John Stiles Huntington, Christiansburg, VA, for plaintiff.

Joy Cummings Fuhr, Stephen Donegan Busch, McGuire, Woods, Battle & Boothe, Richmond, VA, for defendant.

## MEMORANDUM OPINION

WILSON, District Judge.

This is an action by Gregory Bullion against his former psychologist, Angelo F. Gadaleto, Ph.D., for breach of professional and fiduciary obligations. Since the amount in controversy, exclusive of interest and costs, exceeds $50,000, and Bullion is a citizen of Virginia and Gadaleto a citizen of Pennsylvania, this court has diversity jurisdiction under 28 U.S.C. § 1332. Gadaleto has filed a motion to dismiss on the grounds that Bullion's claims are time barred. The court finds that the applicable statute of limitations has indeed run. Accordingly, the court will dismiss Bullion's action.

### I.

In 1983, Mr. Bullion began counselling sessions with Dr. Gadaleto, a clinical psychologist, at Dr. Gadaleto's then residence in Dublin, Virginia. Mr. Bullion had been experiencing marital problems, and he was referred to Dr. Gadaleto by his family physician. During his therapy sessions, Mr. Bullion told Dr. Gadaleto intimate details of his married life, all of which were confidential in nature.

After several sessions, Dr. Gadaleto suggested that Mrs. Bullion also begin counseling with him—separately. It was during these counseling sessions that Dr. Gadaleto allegedly revealed Mr. Bullion's confidences to Mrs. Bullion. For instance, Dr. Gadaleto supposedly told Mrs. Bullion that Mr. Bullion had been unfaithful to her. Dr. Gadaleto then advised Mr. Bullion to sleep in a separate room from his wife and to lock the door to his room at night. Mr. Bullion asserts that Dr. Gadaleto deliberately revealed confidences and counseled negligently in order to further damage the marital relationship between the Bullions so that he could initiate a sexual liaison with Mrs. Bullion. Dr. Gadale-

to was successful in this, and maintained an affair with Mrs. Bullion that lasted several years. Mr. Bullion's last counseling session with Dr. Gadaleto occurred in October of 1984.

In May of 1993, Mr. Bullion first learned of Dr. Gadaleto's indiscretions from his wife. Bullion then filed this suit seeking damages for Gadaleto's negligence and for his breach of professional and fiduciary duties.[1] Dr. Gadaleto has now moved to dismiss Bullion's action.

## II.

Mr. Bullion claims that Dr. Gadaleto is liable for damages resulting from his breach of the duty of confidentiality.[2] Dr. Gadaleto seeks dismissal on the grounds that Virginia courts have not recognized a cause of action based upon a physician's breach of the duty of confidentiality and that, in any case, Bullion's claim is time barred. Assuming that Virginia would recognize the breach of the duty of confidentiality as a valid cause of action,[3] the court concludes that the statute of limitations has indeed run on Bullion's claim.

■ In Virginia, the statute of limitations for personal injury actions is two years:

Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery ... shall be brought within two years after the cause of action accrues.

VA.CODE ANN. § 8.01–243(A) (Michie 1992). Since the breach of the duty of confidentiality is a personal injury and no other statute provides an alternate limitations period, such an action must be brought within two years from the date the cause of action accrued.[4] *See Pierce v. Caday*, 244 Va. 285, 422 S.E.2d 371, 374 (1992) (stating that "the alleged breach of duty of confidentiality sounds in tort. . . .").

■ An action accrues when the essential elements of a cause of action are present:

The essential elements of a cause of action, whether based on a tortious act or breach of contract, are (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that duty or right, and (3) harm or damage to the plaintiff as a proximate consequence of the violation or breach.

*Locke v. Johns–Manville Corp.*, 221 Va. 951, 275 S.E.2d 900, 904 (1981). A cause of action does not evolve unless all of these elements are present. For instance, a plaintiff must experience injury or damage before a right of action accrues:

We construe the statutory work "injury" to mean positive, physical or mental hurt to the claimant, not legal wrong to him in the broad sense that his legally protected interests have been invaded. Thus, the running of the time is tied to the fact of harm to the plaintiff, without which no cause of action would come into existence; it is not keyed to the date of the wrongful act, another ingredient of a personal injury cause of action.

1. Mr. Bullion has since conceded that his negligence claim is barred by the statute of limitations. (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss at 2.) Accordingly, the court will not consider that claim further.

2. In a notice of malpractice sent to Dr. Gadaleto, Mr. Bullion asserts that Gadaleto also breached his fiduciary duty to Bullion. (Letter from Huntington to Gadaleto of 1/14/94, at 1.) From Bullion's complaint, however, it is unclear whether the breach of fiduciary duty is claimed separately from the breach of confidentiality. Since both the breach of confidentiality and breach of fiduciary duty are predicated upon Gadaleto's revelation of confidences, the court assumes that Bullion has asserted one cause of action. As such, the court will refer to this cause of action as the duty of confidentiality.

3. Although the Supreme Court of Virginia recently found that the Virginia Medical Malpractice Act applies to claims based on the breach of the duty of confidentiality, it declined to expressly recognize that such a cause of action exists. *Pierce v. Caday*, 244 Va. 285, 422 S.E.2d 371, 373 (1992).

4. If the breach of confidentiality sounds in contract, the statute of limitations would be five years if the contract was in writing and three years if the contract was oral. VA.CODE ANN. § 8.01–246 (Michie 1992). Since the alleged breach of confidentiality occurred over ten years ago, the compelling question remains focused on the accrual of the action. Whether the action sounds in contract or tort does not change the court's analysis.

*Id.* When injury occurs, however, no matter how slight, the cause of action then accrues even if more substantial damage occurs at a later date. *McHenry v. Adams,* 248 Va. 238, 448 S.E.2d 390, 393 (1994). Furthermore, a claimant need not know of his injury in order for the cause of action to accrue.[5]

The immediate question here is whether Mr. Bullion's claim is barred by the statute of limitations: an issue that ultimately turns on whether Bullion's cause of action accrued at the time Dr. Gadaleto revealed his confidences, in 1983 and 1984, or only after Bullion learned of Gadaleto's indiscretions, in 1993. Dr. Gadaleto argues that Mr. Bullion was injured sufficiently for his action to accrue in 1984 because, at that time, Dr. Gadaleto allegedly caused the Bullions' marriage to deteriorate and harmed Mr. Bullion's reputation with his wife. However, Mr. Bullion asserts that he first sustained actionable injury when he actually learned of Dr. Gadaleto's wrongful disclosures in 1993 and subsequently suffered mental anguish.

No Virginia court has discussed the injury necessary for a cause of action to accrue in the duty of confidentiality context. Indeed, few courts in other states have addressed the issue. *See Alberts v. Devine,* 395 Mass. 59, 479 N.E.2d 113, 124 (1985) (stating that merely "a violation of [the duty of confidentiality] gives rise to a cause of action sounding in tort"), *cert. denied,* 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985); *Tighe v. Ginsberg,* 146 A.D.2d 268, 540 N.Y.S.2d 99, 101 (N.Y.App.Div.1989) (finding, without comment, that the breach of confidentiality action accrued at the time of the unauthorized disclosure). In essence, this issue is one of first impression.

In the physician/patient context, the duty of confidentiality is recognized as part of the Hippocratic Oath. *Stempler v. Speidell,* 100 N.J. 368, 495 A.2d 857, 860 (1985). The rationale for this ethical rule is readily apparent:

> The benefits which inure to the relationship of physician-patient from the denial to a physician of any right to promiscuously disclose such information are self-evident. On the other hand, it is impossible to conceive of any countervailing benefits which would arise by according a physician the right to gossip about a patient's health.

*Id.* (quoting *Hague v. Williams,* 37 N.J. 328, 181 A.2d 345 (1962)). When a physician discloses confidential information without authority, he invades two distinct interests of the patient: (1) the patient's interest in the security of the confidential relationship and his corresponding expectation of secrecy; and (2) the patient's specific interest in avoiding whatever injuries will result from circulation of the information. Alan B. Vickery, *Breach of Confidence: An Emerging Tort,* 82 COLUM.L.REV. 1426, 1434 (1982). Invasion of the first interest will most likely result in the patient refusing to disclose confidential information in the future, even when it is important to do so. Invasion of the second interest could result in a variety of injuries to the patient:

> The more intimate or embarrassing the information, the more damaging the disclosure probably will be. The wronged party may suffer ridicule, loss of business or professional reputation, or deterioration of personal relationships. Though injury often flows from widespread publication of disclosed information, the greatest injury may well be caused by disclosure to a single person, such as an employer or a spouse.

*Id.*

From the interests articulated above, it appears that the duty of confidentiality is not meant to protect against one specific type of injury to the patient, but instead discourages any injury that might result from a physician's unauthorized disclosure of information. For instance, a patient who suffers a tarnished reputation or damage to a relationship or emotional distress or all combined has indeed experienced the type of injury which the duty of confidentiality is meant to prevent. In that respect, the duty of confi-

---

**5.** "In every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person ... and not when the resulting damage is discovered...." VA.CODE ANN. § 8.01–230 (Michie 1992).

dentiality is distinguished from other torts based on disclosure of information such as defamation and invasion of privacy. Defamation is chiefly concerned with injury to a person's reputation, and that specific injury must occur before a cause of action arises. *Brown v. Am. Broadcasting Co., Inc.,* 704 F.2d 1296, 1300 (4th Cir.1983). In two invasion of privacy torts, intrusion upon a plaintiff's private affairs and public disclosure of embarrassing facts about the plaintiff, embarrassment or emotional distress is the key injury. *Id.*

Mr. Bullion's argument that injury only resulted to him after he learned of the breach is, in essence, an argument that emotional distress is a necessary element for a cause of action for breach of confidentiality. Although emotional distress would indeed be a common result of a physician's unauthorized disclosures, the court finds that emotional distress is not essential for a successful challenge to the physician's conduct. Any injury to the claimant upon the unauthorized disclosure, such as damage to reputation or to a relationship, satisfies the damage element and causes the action to accrue.

Thus, if any injury occurred to Mr. Bullion at the time of Dr. Gadaleto's unauthorized disclosures in 1983–84, the action accrued then. In his complaint, Mr. Bullion alleges that Dr. Gadaleto utilized his confidences in furtherance of an affair with Mrs. Bullion. (Exh. A, Notice of Malpractice of 1/14/94, at 1–2.) That Dr. Gadaleto was successful only supports the theory that Mr. Bullion's relationship with his wife was indeed injured at that time. As such, the court finds that Mr. Bullion's cause of action accrued in 1984, at the latest, and that his action is now time barred.

### III.

For the reasons stated above, the court will dismiss Mr. Bullion's action with prejudice.

### FINAL ORDER

For the reasons stated in the Memorandum Opinion entered on this date, it is hereby **ORDERED** and **ADJUDGED** that the action of Gregory Bullion be, and the same hereby is, dismissed with prejudice. The Clerk is directed to strike this matter from the docket of the court.