JOHN P. TIGHE, Respondent, v IRWIN A. GINSBERG et al., Appellants.

Fourth Department, April 14, 1989

APPEARANCES OF COUNSEL

*Damon & Morey (Iris B. Schifeling* and *Carmen P. Tarantino* of counsel), for appellants.

*James J. Moran, P. C.,* for respondent.

### OPINION OF THE COURT

GREEN, J.

 We hold that a patient's claim against a physician for breach of the fiduciary duty of confidentiality as a result of the physician's unauthorized disclosure of the patient's medical records is subject to the three-year Statute of Limitations for negligence (CPLR 214 [5]), rather than the shorter limitations period for medical malpractice (CPLR 214-a).

On August 6, 1984, plaintiff visited Dr. Hoffman for treatment of a hearing problem. Dr. Hoffman, although not a party to this action, is an associate of defendant Dr. Ginsberg and an employee of defendant Buffalo Otological Group, P. C. At the time of his initial visit, plaintiff was an employee of Conrail and suspected that his hearing problem was job related. Following an examination, Dr. Hoffman informed plaintiff that he was suffering from severe bilateral hearing loss and tinnitus and that he should not continue working in a noisy environment.

On October 16, 1984, plaintiff returned for a follow-up visit. When told that Dr. Hoffman was unavailable and that Dr. Ginsberg would perform the examination, plaintiff initially protested based on his knowledge that Dr. Ginsberg had testified as an expert witness for Conrail in other litigation, but subsequently consented when told that Dr. Ginsberg was the only doctor available to examine him. On October 17, 1984, Dr. Ginsberg, without plaintiff's knowledge or authorization, forwarded a written report to Conrail in which he detailed the findings of the examination and discussed plain-

tiff's condition as it related to his continued employment as well as other confidential matters.

In a complaint dated September 17, 1987, plaintiff alleged that Dr. Ginsberg's unauthorized disclosure gave rise to six causes of action: the first for breach of the fiduciary duty of confidentiality; the second for violation of section 6509 of the Education Law; the third for violation of 8 NYCRR 29.1 [b] [8]; the fourth for violation of public policy; the fifth for negligence in violating various statutes, oaths and warranties of silence; the sixth for conspiracy to deprive plaintiff of his constitutional rights under the agreement between doctor and patient. Plaintiff demanded compensatory and punitive damages.

Defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that all the causes of action were for medical malpractice and barred by the applicable Statute of Limitations. Defendants moved in the alternative pursuant to CPLR 3211 (a) (7) to dismiss the second, third, fourth and sixth causes of action on the ground that none stated a claim cognizable under New York law.

Special Term denied defendants' motion based on the Statute of Limitations finding that none of the six causes of action were grounded in medical malpractice. The court granted defendants' motion with respect to the second, third and fourth causes of action, finding that none of these theories are actionable under New York law as they create no private right of action. Plaintiff has not cross-appealed from this portion of the court's decision. Moreover, plaintiff now concedes that the sixth cause of action should also be dismissed because in New York there is no cause of action for conspiracy in substantive tort *(see, Callahan v Callahan,* 127 AD2d 298, 300; *Danahy v Meese,* 84 AD2d 670, 672), or in contract *(see, Bereswill v Yablon,* 6 NY2d 301, 306). Thus, the narrow issue on appeal is whether, for purposes of applying the appropriate Statute of Limitations, plaintiff's first cause of action for breach of a fiduciary duty of confidentiality and fifth cause of action for negligence are grounded in tort or medical malpractice.

Although no court in this State has addressed this specific issue *(cf., Watts v Cumberland County Hosp. Sys.,* 75 NC App 1, 330 SE2d 242 [1985]), this court has touched upon it in other similar contexts. For example, in *MacDonald v Clinger* (84 AD2d 482) we recognized a cause of action by a patient

against a psychiatrist for wrongful disclosure of the patient's personal information learned during the course of treatment and held that such a claim was for breach of the fiduciary duty of confidentiality and gave rise to a cause of action sounding in tort. There, the choice of theories of liability was not between negligence and medical malpractice but between negligence and contract. We recognized that the physician-patient relationship creates an implied covenant which when breached is actionable. We declined to characterize the cause of action as a breach of contract, however, because then recovery would be limited to economic loss and a plaintiff would be precluded from recovering for mental distress and related injuries. Accordingly, we held that "[d]efendant's breach was not merely a broken contractual promise but a violation of a fiduciary responsibility to plaintiff implicit in and essential to the doctor-patient relation" (84 AD2d 482, 487, *supra)*, and that the breach of such duty is actionable as a tort *(supra*, at 486). That conclusion is applicable here *(see, Fedell v Wierzbieniec*, 127 Misc 2d 124, *affd* 116 AD2d 990; *Felis v Greenberg*, 51 Misc 2d 441; *Clark v Geraci*, 29 Misc 2d 791; *see also*, Annotation, 48 ALR4th 668, 693, 710; Annotation, 20 ALR3d 1109, 1115-1117).

In applying a Statute of Limitations, we must "look for the reality and the essence of the action and not its mere name" *(Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264; *see also, Sears, Roebuck & Co. v Enco Assocs.*, 43 NY2d 389, 395). Medical malpractice is not defined in CPLR 214-a. Although in a general sense a doctor furnishes medical care to patients, clearly not every act of negligence toward a patient constitutes medical malpractice *(see, Bleiler v Bodnar*, 65 NY2d 65, 73). The gravamen of plaintiff's complaint in the instant action is not defendants' malpractice in furnishing medical treatment to him, but rather defendants' failure in fulfilling his independent duty not to disclose confidential information without plaintiff's consent. Defendants' alleged breach of this duty did not arise during the process in which Dr. Ginsberg was utilizing the skills which he had been taught in examining, diagnosing, treating or caring for the plaintiff as his patient *(cf., Stanley v Lebetkin*, 123 AD2d 854; *Twitchell v MacKay*, 78 AD2d 125, 128).

Moreover, since plaintiff's first and fifth causes of action are readily determinable by a trier of fact evaluating the evidence based on common knowledge, there is no need for expert medical testimony, which is a prerequisite to establish a

prima facie case of medical malpractice *(see, Bleiler v Bodnar, supra; Pike v Honsinger,* 155 NY 201, 209; *Hale v State of New York,* 53 AD2d 1025, *lv denied* 40 NY2d 804; *Morwin v Albany Hosp.,* 7 AD2d 582, 584-585; *see also,* PJI 2:150; *cf., Coursen v New York Hospital-Cornell Med. Center,* 114 AD2d 254). A physician's duty to maintain the confidentiality of information regarding the treatment of his patient is one which is well known and recognized by society in general. "Almost every member of the public is aware of the promise of discretion contained in this Hippocratic Oath, and every patient has a right to rely upon this warranty of silence" *(Hammonds v Aetna Cas. & Sur. Co.,* 243 F Supp 793, 801).

We hold, therefore, that plaintiff's first and fifth causes of action seeking damages for personal injury are subject to the three-year Statute of Limitations *(see,* CPLR 214 [5]) and accrued on October 17, 1984 when Dr. Ginsberg made the unauthorized disclosure of plaintiff's medical report. Since plaintiff timely commenced this action on September 17, 1987, Special Term properly denied defendant's motion to dismiss plaintiff's complaint.

Lastly, there is no merit to defendants' claim, raised for the first time on appeal, that plaintiff's complaint should be dismissed because it seeks recovery only for psychological and emotional damage but not for physical harm, lost earnings or special damages. There is a likelihood that, if defendants' breach of the duty of confidentiality proximately caused plaintiff's injuries, plaintiff would be entitled to recover for the emotional and psychological harm alleged in the complaint *(see, Johnson v State of New York,* 37 NY2d 378).

Accordingly, the order insofar as appealed from should be modified to grant defendant's motion dismissing plaintiff's sixth cause of action for conspiracy and otherwise the order should be affirmed.

CALLAHAN, J. P., PINE and LAWTON, JJ., concur.

Order insofar as appealed from unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the opinion by GREEN, J.