■ GERALD A. HARLEY, Appellant, v JOSEPH V. DRUZBA, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 2, 1990 in Rensselaer County, which, *inter alia,* partially granted defendant's motion for a protective order.

Plaintiff sued defendant, a certified social worker, setting forth in his complaint nine causes of action entitled negligence, breach of confidentiality, custodial interference, breach of contract, invasion of privacy, intentional infliction of emotional harm, intentional infliction of economic harm, fraud and deceit, and interference with a family relationship. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) on the ground that the complaint is barred by the Statute of Limitations. Supreme Court denied defendant's motion, finding a viable cause of action based upon breach of confidence by defendant on authority of *Tighe v Ginsberg* (146 AD2d 268). The essence of plaintiff's claim was found to be for money damages for breach of a fiduciary relationship. The court found that the cause of action ripened at the time confidences were allegedly revealed by defendant, and that the complaint was timely commenced within the applicable statutory limitation of three years in that some of the disclosure of confidential material occurred within three years of the commencement of the action *(see,* CPLR 214 [5] ). Supreme Court also modified plaintiff's various discovery demands and granted defendant's motion to preclude to the extent that plaintiff was directed to answer defendant's interrogatories within 30 days. Sanctions were imposed against each attorney in the sum of $250 for their failure to make a good-faith effort

to resolve issues raised in a conference held in June 1989, wherein the court directed that the parties make a good-faith effort to resolve their discovery disputes.

We find that Supreme Court properly found that the record discloses that the gravamen of plaintiff's complaint is based on a breach of a duty by defendant, a professional counselor, in revealing information gleaned in the process of a counseling relationship with plaintiff and his family. The court correctly concluded that the communications to be fostered in the social worker/client relationship are confidential and that plaintiff is entitled to invoke the privilege of professional confidence, a breach of which is actionable as a tort even though it arises from a contractual relationship. The damages sought here include such injuries as mental distress, loss of employment and deterioration of plaintiff's marriage. These are beyond contract damages. The cause of action was properly denominated as one in tort *(see, MacDonald v Clinger,* 84 AD2d 482, 486) subject to the three-year Statute of Limitations for negligence pursuant to CPLR 214 (5). Supreme Court properly held that the doctrine of continuous treatment did not apply in this situation *(cf., McDermott v Torre,* 56 NY2d 399).

We find, as well, that Supreme Court did not abuse its discretion in vacating some of plaintiff's interrogatories and demands for discovery and inspection. Supreme Court has broad discretion in supervising disclosure *(Albany Custom Floors v Urbach, Kahn & Werlin,* 135 AD2d 972, 972-973). Our inquiry is limited to determining whether it abused its discretion in granting or denying discovery *(Stambovsky v Reiner,* 145 AD2d 309, 310). We find no such abuse of discretion here.

On the question of the imposition of sanctions, Supreme Court found that the disposition of the instant matter was impaired by reason of the attorneys' conduct. We note that the litigants expressly sought sanctions in their motion papers. Defendant's request was made under authority of CPLR 8303-a. Plaintiff's request was general. Both requests were based on discovery abuses.

We initially note that relief pursuant to CPLR 8303-a is not proper under the instant circumstances because the statute refers to frivolous claims or defenses which are not alleged here. Supreme Court, in ordering the imposition of sanctions, was apparently acting under authority of 22 NYCRR part 130. The parties, having initiated the request for sanctions, have had sufficient opportunity to be heard on the issue *(see, Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway,* 76

NY2d 411). We submit to Supreme Court's superior advantage in assessing the dilatory nature of the attorneys' tactics and find the imposition of sanctions appropriate. The court sufficiently set out its reasons for the imposition of sanctions in its decision and we decline to disturb such ruling, except to note that under 22 NYCRR 130-1.3 sanctions imposed against attorneys shall be deposited with the Lawyers' Fund for Client Protection rather than the Court Clerk.

Order modified, on the law, without costs, to the extent of ordering payment of sanctions into the Lawyers' Fund for Client Protection, and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.