[709 NYS2d 215]

Jane Doe, Appellant, v Community Health Plan—Kaiser Corporation, Respondent, et al., Defendant.

Third Department, May 11, 2000

## APPEARANCES OF COUNSEL

*Lee Greenstein,* Albany (*John T. Casey* of counsel), for appellant.

*Hinman, Straub, Pigors & Manning,* Albany (*Paul M. Collins* of counsel), for respondent.

## OPINION OF THE COURT

MUGGLIN, J.

During the period from March 1996 to August 1996, plaintiff received services from defendant Ericka Klein, a certified psychiatric social worker, at a facility owned and operated by defendant Community Health Plan—Kaiser Corporation (hereinafter CHP). Plaintiff commenced this action in November 1997

seeking to recover damages resulting from the alleged disclosure of medical information contained in her patient file by defendant Christen Adey, a medical records clerk employed by CHP. Plaintiff's amended complaint alleged six causes of action based on the disclosure of confidential information: (1) negligent disclosure of confidential information, (2) statutory right of action for breach of confidentiality, (3) intentional revelation of confidential information by a CHP employee, (4) inadequate policies and procedures, (5) negligent supervision and training, and (6) the intentional infliction of emotional distress.

CHP and Klein jointly moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint in its entirety against Klein and the second through sixth causes of action against CHP. By order entered May 27, 1998, Supreme Court granted the entirety of the relief requested by CHP and Klein. Plaintiff did not, however, file a notice of appeal from the order at that time. Following joinder of issue by CHP and Adey with respect to the amended complaint, plaintiff moved for partial summary judgment on the issue of liability based upon the first cause of action asserted in the amended complaint for breach of confidentiality, and CHP cross-moved seeking summary judgment dismissing this remaining cause of action against it.

Due to the failure of Adey to oppose plaintiff's motion, Supreme Court granted partial summary judgment on the issue of liability against Adey and directed that the issue of damages proceed to trial immediately. As to CHP, Supreme Court denied plaintiff's motion for partial summary judgment and granted CHP's cross motion, relying on the doctrine of respondeat superior to hold that, since the disclosure by Adey was not within the scope of her employment, CHP was not liable for the alleged disclosure. Plaintiff now appeals both from the order entered May 27, 1998 and the order entered May 4, 1999 which granted CHP's motion for summary judgment dismissing the remaining cause of action.

■ Initially, it is appropriate to examine the issue of the timeliness of the appeal from the order entered May 27, 1998, because the failure to file a timely notice of appeal deprives this Court of any authority to hear and determine the matter (*see, Hecht v City of New York*, 60 NY2d 57, 61; *Austin & Co. v Reichert Constr. Corp.*, 151 AD2d 851, *lv denied* 75 NY2d 704; *Glickman v Sami*, 146 AD2d 671, *lv denied* 149 AD2d 458). Since the May 27, 1998 order was nonfinal as to CHP and plaintiff (it disposed of some, but not all issues arising from the same set of facts), it is properly reviewable with respect to

CHP under the notice of appeal filed by plaintiff with regard to the May 4, 1999 order of Supreme Court dismissing the remaining cause of action alleged against CHP since that order constitutes a final judgment (see, CPLR 5501 [a] [1]; *Burke v Crosson*, 85 NY2d 10, 15-16).

Next, we affirm the denial of plaintiff's motion for partial summary judgment but reverse the grant of CHP's motion for summary judgment dismissing the first cause of action against it. Initially, we observe that although plaintiff employs the term negligence in the first cause of action, its gravamen is fundamentally the breach of the fiduciary duty of confidentiality (see, *MacDonald v Clinger*, 84 AD2d 482). More than 150 years ago, New York codified the preexisting common-law privilege for doctor patient communications in order to nurture a relationship of trust in health care settings. CPLR 4504 codifies this duty to maintain the confidentiality of patient treatment records. CHP, as a Public Health Law article 44 medical corporation, is bound by the disclosure strictures which govern a physician patient relationship (see, CPLR 4504 [a]). Moreover, the Legislature has also recognized the legal duty of health maintenance organizations to preserve patient confidentiality by enacting Public Health Law § 4410 (2), which prohibits the disclosure of any information acquired in the course of rendering professional services. The Legislature has further seen fit to extend privileged communication protection to other health and mental health professionals, including as is relevant here, social workers (see, CPLR 4508). This cloak of confidentiality wraps around more than the health care professional who renders the services, as CPLR 4508 (a) further directs, "nor shall any clerk, stenographer or other person working for the same employer as the certified social worker * * * be allowed to disclose any such communication or advice given thereon." Adey, the clerical employee involved in the disclosure at issue, was employed by CHP, the same employer as employed Klein, the social worker who treated plaintiff (see, *Matter of Jeanne TT.*, 184 AD2d 895, 897), and hence Adey is also a person governed by the statute (see, *id.*, at 897).

Although the statutes and regulations requiring physicians (and medical corporations) to protect the confidentiality of patient information gained during the course of treatment clearly express the State's public policy, they do not constitute a basis upon which plaintiff may maintain a cause of action against CHP since a private right of action springing from such statutes has not been recognized (see, e.g., *Waldron v Ball*

*Corp.*, 210 AD2d 611, 613, *lv denied* 85 NY2d 803). Instead, the duty not to disclose confidential personal information springs from the implied covenant of trust and confidence that is inherent in the physician patient relationship, the breach of which is actionable as a tort (*see, Harley v Druzba*, 169 AD2d 1001, 1002; *Tighe v Ginsberg*, 146 AD2d 268, 271; *MacDonald v Clinger, supra*). Our Court has enunciated that "communications to be fostered in the social worker/client relationship are confidential" and a "plaintiff is entitled to invoke the privilege of professional confidence, a breach of which is actionable as a tort even though it arises from a contractual relationship" (*Harley v Druzba, supra,* at 1002).

While a private cause of action may not be predicated on CPLR 4504, 4508 or Public Health Law § 4410 (2), these statutes define and impose the scope of the actionable duty of confidentiality which arises between certain health care providers, such as CHP, and their patients. CHP, as a medical corporation, can only act through its agents, servants or employees. Consequently, the duty owed plaintiff by CHP to protect patient confidences, if breached, makes CHP directly responsible. To hold otherwise would render meaningless the imposition of such a duty on a medical corporation, since the wrongful disclosure of confidential information would never be within the scope of the employment of its employees.

We next determine that Supreme Court correctly denied plaintiff's motion for summary judgment. We observe that in the absence of permission from the patient, waiver or legal justification, there is no defense to a cause of action seeking to recover damages for wrongful dissemination of confidences by persons or entities upon whom such duty of protection is imposed. Although CHP, in defense of this action, does not assert consent, waiver or legal justification, this record is unclear as to the nature and extent of disclosure made by CHP's employee, Adey, such that Supreme Court correctly denied plaintiff's motion for partial summary judgment.

Lastly, we hold that Supreme Court correctly dismissed the second cause of action for the reasons previously stated since none of the statutes pleaded create any statutory right of action. Moreover, Supreme Court correctly dismissed the third, fourth and fifth causes of action since these constitute either a restatement of the first cause of action or are duplicative thereof. Similarly, we find that Supreme Court properly dismissed the sixth cause of action alleging intentional infliction of emotional distress. Conduct alleged in the amended

complaint is not so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293).

MERCURE, J. P. (concurring in part and dissenting in part). Because we conclude that Supreme Court properly granted summary judgment dismissing the first cause of action, we respectfully dissent from so much of the majority's determination as would reinstate it.

In its effort to furnish plaintiff with a basis for recovery against defendant Community Health Plan—Kaiser Corporation (hereinafter CHP), the majority has merely selected fragments from various statutory provisions prohibiting the unauthorized disclosure of confidential information necessarily gained or imparted in connection with the rendering of professional health care services and engrafted them on existing tort law. In so doing, it has fashioned a hybrid cause of action, hitherto unknown to the law and bearing essentially no resemblance to the one pleaded by plaintiff. The cause of action so created not only provides plaintiff with a basis for recovery, it imposes strict liability, thereby permitting plaintiff to recover against CHP for its nonprofessional employee's disclosure of confidential information regardless of fault.

In *MacDonald v Clinger* (84 AD2d 482), the Fourth Department was faced with the novel question of "whether a psychiatrist must respond in damages to his former patient for disclosure of personal information learned during the course of treatment" (*id.*, at 482). In its detailed analysis, the Court considered a number of alternative grounds for recovery and expressly rejected proffered theories based upon a right to privacy and, of primary relevance here, public policy arising out of New York's "several statutes and regulations requiring physicians to protect the confidentiality of information gained during treatment" (*id.*, at 484; *see, e.g.*, CPLR 4504 [a]; 4507, 4508 [a]; Mental Hygiene Law § 33.13 [c]; Public Health Law § 2803-c [3] [f]; § 2805-g [3]; § 4410 [2]; Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [8]). Instead, the Court adopted the rationale that a duty not to disclose confidential personal information springs from the implied covenant of trust and confidence that is inherent in the physician-patient relationship and breach of which is actionable as a tort (*MacDonald v Clinger, supra*, at 485-487; *see, Tighe v Ginsberg*, 146 AD2d 268, 271).

Based upon the underlying analysis, it is apparent that the cause of action enunciated in *MacDonald v Clinger* (*supra*), and subsequently applied by this Court in an action against a certified social worker (*Harley v Druzba*, 169 AD2d 1001, 1001-1002), has its origin in the law of malpractice, arising as it does out of the professional relationship of trust and confidence that is "implicit in and essential to the doctor-patient relation" (*MacDonald v Clinger*, *supra*, at 487). In fact, in a cogent concurring opinion, then-Justice Simons contended that the cause of action being recognized by the Court *was* one for malpractice (*see*, *id.*, at 488). In any event, there can be no question that, in order to fit within the *MacDonald* rationale, a claim must be asserted against a professional and arise out of that professional's own breach of the duty of the confidentiality.

The majority's dilemma is thus made clear: it must find a means of extending the theory of liability underlying *MacDonald v Clinger* (*supra*), first, to a cause of action asserted not against a health care professional but against the health maintenance organization that employed her and, second, arising out of an unauthorized disclosure committed not by the professional but by a nonprofessional clerical employee. Finding no substantive law to bridge this gap, the majority predicates its analysis on statutory rules of evidence. It is true that both CPLR 4504 (a) and Public Health Law § 4410 (2) prohibit a health maintenance organization's disclosure of information acquired in the rendering of professional services by a person authorized to practice medicine, registered professional nursing, licensed practical nursing or dentistry. As relating to the treatment giving rise to the present action, however, none of the specified professionals rendered any services to plaintiff. More relevant to this case is CPLR 4508 (a), which imposes a corresponding prohibition on certified social workers and, among others, a clerk working for the same employer as the certified social worker.

Outwardly acknowledging that none of these statutory rules of evidence provides a private right of action (*see*, *MacDonald v Clinger*, *supra*, at 484), the majority proceeds to an ultimate holding that belies that position: "these statutes define and impose the scope of the duty of confidentiality which arises between certain health care providers, such as CHP, and their patients. CHP, as a medical corporation, can only act through its agents, servants or employees. Consequently, the duty owed plaintiff by CHP to protect patient confidences, if breached,

makes CHP directly responsible. To hold otherwise, would render meaningless the imposition of such a duty on a medical corporation, since the wrongful disclosure of confidential information would never be in the scope of one's employment." Although by no means clear, it appears that the majority's intention is to create a new common-law cause of action providing a remedy for the breach of a statutory duty.

We seriously question the wisdom of having an intermediate appellate court create a new legal remedy every time it discovers an unserved need. We also cannot discern any meaningful distinction between a statute's creation of a private right of action and a judicial recognition of a new common-law cause of action based upon a violation of the very same statute. In our view, the three-part analysis established in *Burns Jackson Miller Summit & Spitzer v Lindner* (59 NY2d 314, 329-331) would apply in either case, requiring that we make a reasoned determination as to whether (1) plaintiff is one of the class for whose particular benefit the statute was enacted, (2) recognition of a private right of action would promote the legislative purpose, and (3) creation of such a right would be consistent with the legislative scheme (*id.*; *see, Mark G. v Sabol*, 93 NY2d 710, 722; *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633). Under such scrutiny, the cause of action fashioned by the majority fails.

It is noteworthy that Public Health Law § 4410 (2),[1] which squarely addresses a health maintenance organization's obligation to protect the confidentiality of patient records, does not apply to confidential information gained in the course of professional services rendered by a certified social worker (*compare*, CPLR 4508 [a]). Even more damaging to the majority's position is Public Health Law § 4410 (1),[2] which has the effect of shielding health maintenance organizations from liability for

---

**1.** Public Health Law § 4410 (2) provides in pertinent part: "Unless the patient waives the right of confidentiality, a health maintenance organization * * * shall not be allowed to disclose any information which was acquired * * * in the course of the rendering to a patient of professional services by a person authorized to practice medicine, registered professional nursing, licensed practical nursing, or dentistry, and which was necessary to acquire to enable such person to act in that capacity, except as may be otherwise required by law."

**2.** Public Health Law § 4410 (1) provides: "The provision of comprehensive health services directly or indirectly, by a health maintenance organization through its comprehensive health services plan shall not be considered the practice of the profession of medicine by such organization or plan. However, each member, employee or agent of such organization or plan shall be fully

the "negligent or wrongful act or misconduct" of its health care professionals. In our view, these express statutory provisions lead to the inevitable conclusion that the majority's attempt to impose liability upon a health maintenance organization for the disclosure of confidential information imparted to a certified social worker is by no means consistent with the legislative scheme in enacting Public Health Law § 4410 (2), the parallel provision of CPLR 4504 (a), or CPLR 4508 (a).

As a final matter, it should be noted that plaintiff had a facial remedy against CHP under her first cause of action (as pleaded by plaintiff and not as transformed by the majority) but on the summary judgment motion failed to raise a genuine factual issue as to whether CHP improperly trained the culpable file clerk or whether the file clerk was acting in the scope of her employment when she disclosed the information, and also that plaintiff has obtained a judgment on the issue of liability against the party who was actually responsible for her damages.

SPAIN and GRAFFEO, JJ., concur with MUGGLIN, J.; MERCURE, J. P., and CARPINELLO, J., concur in part and dissent in part in a separate opinion by MERCURE, J. P.

Ordered that the order entered May 27, 1998 is affirmed.

Ordered that the order entered May 4, 1999 is modified, on the law, by reversing so much thereof as granted the cross motion by defendant Community Health Plan—Kaiser Corporation for summary judgment dismissing the first cause of action in the amended complaint against it; cross motion denied; and, as so modified, affirmed.

---

and personally liable and accountable for any negligent or wrongful act or misconduct committed by him or any person under his direct supervision and control while rendering professional services on behalf of such organization or plan."