■ DAMIR JURIC, Appellant, v LYNN BERGSTRAESSER et al., Respondents. [844 NYS2d 465]—

Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 1, 2006 in Ulster County, which granted defendants' motions to dismiss the complaint.

In December 2004, plaintiff reported to the emergency room of defendant Benedictine Hospital complaining of chest pains. Plaintiff's former family physician, defendant Lynn Bergstraesser, was on call that night and plaintiff remained a patient of her "group," Ulster Family Medicine. Defendant alleged in his complaint, however, that Bergstraesser herself was no longer his physician due to her "bec[oming] involved in his marital" problems and that he told the hospital's staff—including the emergency room physician who treated him, Harneet Sethi—that he "did not want [Bergstraesser] to treat him due to personal reasons and did not want her to admit him into the hospital." Nevertheless, plaintiff claims, Sethi showed Bergstraesser his medical records at the emergency room, leading Bergstraesser to alert plaintiff's wife that she and her child

might be in danger. Plaintiff asserts that the information relayed by Bergstraesser "provid[ed] his wife and her counsel with a basis to take adverse actions against plaintiff" in his "marital dispute," resulting in plaintiff being forced to undergo a psychiatric examination and "causing [him] significant emotional damage arising from his being denied visitation for months with his young daughter."

Plaintiff thereafter commenced this action against Bergstraesser and the hospital alleging a violation of his "common law right to privacy." Supreme Court subsequently granted defendants' separate motions to dismiss the complaint for failure to state a cause of action. Plaintiff appeals and we now modify by reversing so much of the order as granted Bergstraesser's motion to dismiss.

"[O]n a motion to dismiss for failure to state a claim, the court 'must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory' " (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004], quoting *1455 Washington Ave. Assoc. v Rose & Kiernan*, 260 AD2d 770, 771 [1999]). In addition, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" because the fundamental " 'criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88 [1994], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Here, as Supreme Court correctly noted, "New York does not recognize a common-law right of privacy" (*Messenger v Gruner + Jahr Print. & Publ.*, 94 NY2d 436, 441 [2000], *cert denied* 531 US 818 [2000]; *see Howell v New York Post Co.*, 81 NY2d 115, 123 [1993]) and, thus, plaintiff cannot maintain a cause of action on the theory set forth in the complaint. Moreover, plaintiff concedes that the limited statutory right to privacy contained in Civil Rights Law §§ 50 and 51, which relates to the unauthorized commercial use of a person's name, portrait or picture (*see Messenger v Gruner + Jahr Print. & Publ.*, 94 NY2d at 441) is inapplicable here. While plaintiff argues that he may nevertheless maintain a cause of action against the hospital for failure to implement rules governing access to records, he provides no authority for the proposition that damages may be recovered based upon Sethi's decision to consult with Bergstraesser, who was on-call at the hospital that night. Thus, the complaint was properly dismissed against the hospital.

We note, however, that the complaint can also be liberally interpreted as alleging a breach by Bergstraesser of the implied covenant of trust and confidence that is inherent in the patient-physician relationship (*see Doe v Community Health Plan—Kaiser Corp.*, 268 AD2d 183, 186-187 [2000]). In that regard, the relevant portion of plaintiff's medical records—quoted in the complaint and indicating that plaintiff was experiencing a "major psych pathology," had checked out of the hospital against medical advice, was carrying a large "stack of gun magazines," had recently been left by his wife and had a history of verbally abusing and intimidating his wife—may very well provide justification for Bergstraesser's attempt to alert plaintiff's wife of the potential danger to her safety (*see Oringer v Rotkin*, 162 AD2d 113, 114 [1990]; *see generally People v Bierenbaum*, 301 AD2d 119, 141-142 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]; *MacDonald v Clinger*, 84 AD2d 482, 487-488 [1982]; *Tarasoff v Regents of Univ. of Cal.*, 17 Cal 3d 425, 440-442, 551 P2d 334, 346-348 [1976]). Nevertheless, "[j]ustification or excuse will depend upon a showing of circumstances and competing interests which support the need to disclose. Because such a showing is a matter of affirmative defense, [Bergstraesser] is not entitled to dismissal of the action" (*MacDonald v Clinger*, 84 AD2d at 488 [citation omitted]).

Plaintiff's arguments, to the extent not addressed herein, have been considered and found to be lacking in merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Lynn Bergstraesser's motion to dismiss the complaint; said motion denied; and, as so modified, affirmed.