# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**48**
**CA 10-00928**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IRIC BURTON, PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

ANDREW C. MATTELIANO, M.D., NIAGARA
FRONTIER TRANSPORTATION AUTHORITY AND
DONALD J. JACOB, M.D., DEFENDANTS-RESPONDENTS.

---

JOHN D. WIESER, GETZVILLE, FOR PLAINTIFF-APPELLANT.

DAVID M. GREGORY, BUFFALO (WAYNE R. GRADL OF COUNSEL), FOR
DEFENDANT-RESPONDENT NIAGARA FRONTIER TRANSPORTATION AUTHORITY.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (MARK R. AFFRONTI OF
COUNSEL), FOR DEFENDANT-RESPONDENT ANDREW C. MATTELIANO, M.D.

DAMON MOREY LLP, BUFFALO (FRANK C. CALLOCCHIA OF COUNSEL), FOR
DEFENDANT-RESPONDENT DONALD J. JACOB, M.D.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 9, 2009.  The order granted defendants' motions to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion of defendant Andrew C. Matteliano, M.D. to dismiss the first cause of action and reinstating that cause of action and as modified the order is affirmed without costs.

Memorandum:  Plaintiff was involved in a motor vehicle accident in July 2005 that was unrelated to his employment with defendant Niagara Frontier Transportation Authority (NFTA).  He suffered various injuries as a result of the accident and took a leave of absence from his employment.  In April 2006 plaintiff's treating physician, defendant Andrew C. Matteliano, M.D., released plaintiff to return to work " 'full duty, without restrictions.' "  NFTA, however, required plaintiff to undergo a physical examination by its medical director, defendant Donald J. Jacob, M.D.  Following that examination, Matteliano complied with Jacob's request that Matteliano forward plaintiff's medical records concerning the injuries that plaintiff sustained in the motor vehicle accident.  As a result of the examination and a review of those medical records, Jacob determined that plaintiff was not physically fit to return to work full duty without restrictions, and he requested objective studies demonstrating

that plaintiff's injuries had resolved. No further studies were forwarded to Jacob and, when plaintiff's leave of absence expired in July 2006, plaintiff was discharged from his employment with NFTA because the restrictions imposed on him rendered him physically unable to perform the duties of his job.

Plaintiff filed a complaint against NFTA with the New York State Division of Human Rights (SDHR) for unlawful discrimination, but that complaint was dismissed after SDHR determined that there was no probable cause to believe that NFTA had engaged in any unlawful discriminatory practices. Plaintiff then commenced a federal action against, inter alia, NFTA. The United States District Court for the Western District of New York dismissed the federal law claims with prejudice and dismissed the state law claims without prejudice to their maintenance in state court (*Burton v Niagara Frontier Transp. Auth.*, US Dist Ct, WD NY, Aug. 29, 2008).

Plaintiff thereafter commenced this action seeking damages arising out of his discharge from employment with NFTA. NFTA moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (1), (5) and (7) "and/or" for summary judgment dismissing the complaint against it. Matteliano moved to dismiss the complaint against him pursuant to CPLR 3211 (a) (7) and Jacob moved to dismiss the complaint against him pursuant to CPLR 3211 (a) (1), (5) and (7).

We conclude that Supreme Court erred in granting that part of the motion of Matteliano seeking to dismiss the first cause of action, which was asserted against only him. We therefore modify the order accordingly. In that cause of action, plaintiff alleges that Matteliano breached his fiduciary duty to plaintiff because he disclosed plaintiff's confidential medical records to Jacob and NFTA without plaintiff's consent, knowledge, waiver, release or authorization. Matteliano's motion to dismiss was based solely on CPLR 3211 (a) (7), and we therefore must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference[] and determine only whether the facts as alleged fit within any cognizable legal theory . . . '[T]he criterion is whether [plaintiff] has a cause of action, not whether he has stated one' " (*Leon v Martinez*, 84 NY2d 83, 87-88). It is well established that a patient may maintain a cause of action for breach of fiduciary duty against his or her physician resulting from the physician's unauthorized disclosure of the patient's medical records (*see Tighe v Ginsberg*, 146 AD2d 268, 269-271; *see also Randi A. J. v Long Is. Surgi-Center*, 46 AD3d 74, 78; *cf. Juric v Bergstraesser*, 44 AD3d 1186, 1187-1188). "[T]he duty not to disclose confidential personal information springs from the implied covenant of trust and confidence that is inherent in the physician patient relationship, the breach of which is actionable as a tort" (*Doe v Community Health Plan-Kaiser Corp.*, 268 AD2d 183, 187). Although Matteliano sets forth several reasons to justify or excuse his disclosure of plaintiff's medical records, "[j]ustification or excuse will depend upon a showing of circumstances and competing interests [that] support the need to disclose . . . Because such showing is a matter of affirmative

defense, [Matteliano] is not entitled to dismissal of the [first cause of] action" (*MacDonald v Clinger*, 84 AD2d 482, 488; *see Juric*, 44 AD3d at 1188).

We further conclude, however, that the court properly granted the remainder of Matteliano's motion, as well as the motions of NFTA and Jacob.  Addressing first NFTA's motion, we conclude that the breach of contract and tort causes of action against NFTA are barred because plaintiff failed to file a notice of claim as required by Public Authorities Law § 1299-p (1) and (2) (*see Palmer v Niagara Frontier Transp. Auth.*, 56 AD3d 1245).  Furthermore, the tort causes of action against NFTA are time-barred pursuant to section 1299-p (2).  Although plaintiff, in opposition to NFTA's motion, sought to amend his complaint to add a cause of action against NFTA pursuant to 42 USC § 1983, for which no notice of claim is required, we conclude that he is barred by the doctrine of res judicata from asserting such a cause of action inasmuch as the dismissal of his federal action "constitutes an adjudication that the plaintiff has no [f]ederal claim" (*Mastroianni v Incorporated Vil. of Hempstead*, 166 AD2d 560, 562; *cf. Troy v Goord*, 300 AD2d 1086).

We conclude that the court properly granted those parts of the motions of NFTA, Matteliano and Jacob with respect to the first joint cause of action against them, inasmuch as there is no private cause of action pursuant to CPLR 4504 (*see Doe*, 268 AD2d at 186-187; *Waldron v Ball Corp.*, 210 AD2d 611, 614, *lv denied* 85 NY2d 803; *see generally Lightman v Flaum*, 97 NY2d 128, 136-137, *cert denied* 535 US 1096).  The court also properly granted those parts of the motions of Matteliano and Jacob with respect to the second joint cause of action against them, alleging that defendants intended to cause and did cause plaintiff "extreme emotional distress and mental anguish."  We conclude that "the conduct of [Matteliano and Jacob], viewed in the light most favorable to plaintiff, is not sufficiently outrageous in character and extreme in degree as to exceed all bounds of decency" (*Albert v Solimon*, 252 AD2d 139, 141, *affd* 94 NY2d 771; *see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303).  The cases relied on by plaintiff are distinguishable inasmuch as the damages awarded for mental anguish in those cases arose out of other independent causes of action (*see e.g. Matter of Diaz Chem. Corp. v New York State Div. of Human Rights*, 237 AD2d 932, 933, *affd* 91 NY2d 932; *Miner v City of Glens Falls*, 999 F2d 655, 662-663).

Plaintiff did not raise any issues concerning the third joint cause of action against all defendants, and we therefore deem any issues with respect thereto abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984).  We conclude that the court properly granted those parts of the motions of Matteliano and Jacob with respect to the fourth joint cause of action against them for lost wages.  We agree with defendants that lost wages are a measure of damages and thus cannot form the basis of an independent cause of action.

We have reviewed plaintiff's remaining contentions and conclude

that they are without merit.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court