John DOE, Plaintiff–Appellant,

v.

GUTHRIE CLINIC, LTD., Guthrie Health, Guthrie Healthcare System, Guthrie Health Plan, Inc., Guthrie Clinic Inc., Guthrie Clinic, a Professional Corporation, Guthrie Clinics Group Practice Partnership, L.L.P., Guthrie Medical Group, P.C., Guthrie Enterprises Twin Tier Management Corporation, Defendants–Appellees.

Docket No. 12–1045–CV.

United States Court of Appeals, Second Circuit.

Submitted: Sept. 28, 2012.

Question Certified: March 25, 2013.

Certified Question Answered: Jan. 9, 2014.

Decided: Jan. 27, 2014.

T. Andrew Brown, Joseph A. Gawlowicz, Brown & Hutchinson, Rochester, NY, for Plaintiff–Appellant John Doe.

Martha Brockway Stolley, Morgan, Lewis & Bockius LLP, New York, NY, for Defendants–Appellees Guthrie Clinic, Ltd., Guthrie Health, Guthrie Healthcare System, Guthrie Health Plan, Inc., Guthrie Clinic Inc., Guthrie Clinic, A Professional Corporation, Guthrie Clinics Group Practice Partnership, L.L.P., Guthrie Medical Group, P.C., Guthrie Enterprises Twin Tier Management Corporation.

Before: CHIN, LOHIER, and DRONEY, Circuit Judges.

PER CURIAM:

John Doe appeals from a judgment of the United States District Court for the Western District of New York (Telesca, J.) dismissing his complaint against various Pennsylvania-based entities (the "Guthrie Defendants") that Doe alleges own Guthrie Clinic Steuben, a healthcare facility in Corning, New York. *Doe v. Guthrie Clinic, Ltd.,* No. 11–CV–6089, 2012 WL 531026 (W.D.N.Y. Feb. 17, 2012). We assume

familiarity with the underlying facts and procedural history of this case, which are set forth in our prior opinion filed in this case on March 25, 2013. *Doe v. Guthrie Clinic, Ltd.,* 710 F.3d 492 (2d Cir.2013).

On appeal, the parties disputed the ability of a plaintiff to sue a medical corporation directly for a non-physician employee's unauthorized disclosure of confidential medical information, when the employee acted outside the scope of her employment.[1] In our prior opinion, we certified the following question to the New York Court of Appeals:

> "Whether, under New York law, the common law right of action for breach of the fiduciary duty of confidentiality for the unauthorized disclosure of medical information may run directly against medical corporations, even when the employee responsible for the breach is not a physician and acts outside the scope of her employment?"

*Id.* at 494.

In an opinion filed on January 9, 2014, the New York Court of Appeals answered the certified question in the negative, holding that "a medical corporation's duty of safekeeping a patient's confidential medical information is limited to those risks that are reasonably foreseeable and to actions within the scope of employment." *Doe v. Guthrie Clinic, Ltd.,* No. 224, 22 N.Y.3d 480, —— N.Y.S.2d ——, —— N.E.3d ——, 2014 WL 66644 (N.Y. Jan. 9, 2014). There is no dispute that the employee responsible for disclosing Doe's confidential medical information acted outside the scope of her employment. The ruling of the New York Court of Appeals therefore resolves the remaining issue in this case. Its decision requires that we affirm the District Court's dismissal of

Doe's claim for breach of the fiduciary duty of confidentiality.

For the foregoing reasons, we AFFIRM the judgment of the District Court. We thank the New York Court of Appeals for its assistance in resolving this question of New York law.

---

1. In a separate summary order, we affirmed the District Court's dismissal of Doe's other claims against the Guthrie Defendants. *Doe v. Guthrie Clinic, Ltd.,* 519 Fed.Appx. 719 (2d Cir.2013) (summary order).