12-1045-cv
Doe v. Guthrie Clinic Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT


August Term, 2012


(Submitted: September 28, 2012     Question Certified: March 25, 2013
Certified Question Answered: January 9, 2014     Decided: January 27, 2014)


Docket No. 12-1045-cv


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN DOE,

            Plaintiff-Appellant,


        -v.-                                    12-1045-cv


GUTHRIE CLINIC, LTD., GUTHRIE HEALTH,
GUTHRIE HEALTHCARE SYSTEM, GUTHRIE
HEALTH PLAN, INC., GUTHRIE CLINIC
INC., GUTHRIE CLINIC, A Professional
Corporation, GUTHRIE CLINICS GROUP
PRACTICE PARTNERSHIP, L.L.P., GUTHRIE
MEDICAL GROUP, P.C., GUTHRIE
ENTERPRISES TWIN TIER MANAGEMENT
CORPORATION,
            Defendants-Appellees.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


Before: CHIN, LOHIER, and DRONEY, Circuit Judges.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, J.), dismissing, among other things, a claim for breach of the fiduciary duty of confidentiality arising from a non-physician employee's unauthorized disclosure of John Doe's confidential medical information. In response to a certified question from this Court, the New York Court of Appeals held that, under New York law, the common law right of action for breach of the fiduciary duty of confidentiality for the unauthorized disclosure of medical information may <u>not</u> run directly against a medical corporation, where the employee responsible for the breach is not a physician and acts outside the scope of her employment. <u>Doe v. Guthrie Clinic, Ltd.</u>, No. 224, 2014 WL 66644 (N.Y. Jan. 9, 2014). Accordingly, we AFFIRM the judgment of the District Court.

<div style="margin-left: 50%;">

T. Andrew Brown, Joseph A. Gawlowicz, Brown & Hutchinson, Rochester, New York, <u>for</u> Plaintiff-Appellant John Doe.

Martha Brockway Stolley, Morgan, Lewis & Bockius LLP, New York, New York, <u>for</u> Defendants-Appellees Guthrie Clinic, Ltd., Guthrie Health, Guthrie Healthcare System, Guthrie Health Plan, Inc., Guthrie Clinic Inc., Guthrie Clinic, A Professional Corporation, Guthrie Clinics Group Practice Partnership, L.L.P., Guthrie Medical Group, P.C., Guthrie Enterprises Twin Tier Management Corporation.

</div>

PER CURIAM:

John Doe appeals from a judgment of the United States District Court for

the Western District of New York (Telesca, J.) dismissing his complaint against

various Pennsylvania-based entities (the "Guthrie Defendants") that Doe alleges

own Guthrie Clinic Steuben, a healthcare facility in Corning, New York. Doe v. Guthrie Clinic, Ltd., No. 11-CV-6089, 2012 WL 531026 (W.D.N.Y. Feb. 17, 2012). We assume familiarity with the underlying facts and procedural history of this case, which are set forth in our prior opinion filed in this case on March 25, 2013. Doe v. Guthrie Clinic, Ltd., 710 F.3d 492 (2d Cir. 2013).

On appeal, the parties disputed the ability of a plaintiff to sue a medical corporation directly for a non-physician employee's unauthorized disclosure of confidential medical information, when the employee acted outside the scope of her employment.[1] In our prior opinion, we certified the following question to the New York Court of Appeals:

> "Whether, under New York law, the common law right of action for breach of the fiduciary duty of confidentiality for the unauthorized disclosure of medical information may run directly against medical corporations, even when the employee responsible for the breach is not a physician and acts outside the scope of her employment?"

Id. at 494.

In an opinion filed on January 9, 2014, the New York Court of Appeals answered the certified question in the negative, holding that "a medical

---

[1] In a separate summary order, we affirmed the District Court's dismissal of Doe's other claims against the Guthrie Defendants. Doe v. Guthrie Clinic, Ltd., 519 F. App'x 719 (2d Cir. 2013) (summary order).

corporation's duty of safekeeping a patient's confidential medical information is limited to those risks that are reasonably foreseeable and to actions within the scope of employment." Doe v. Guthrie Clinic, Ltd., No. 224, 2014 WL 66644 (N.Y. Jan. 9, 2014). There is no dispute that the employee responsible for disclosing Doe's confidential medical information acted outside the scope of her employment. The ruling of the New York Court of Appeals therefore resolves the remaining issue in this case. Its decision requires that we affirm the District Court's dismissal of Doe's claim for breach of the fiduciary duty of confidentiality.

For the foregoing reasons, we AFFIRM the judgment of the District Court. We thank the New York Court of Appeals for its assistance in resolving this question of New York law.